### SWAN *v.* ISPAS.

1. JOINT ADVENTURES—DEFINITION.
   A joint adventure is an association of two or more persons to carry out a single business enterprise for profit.

2. SAME—CONTRIBUTION—COMMUNITY OF INTEREST—CONTROL.
   There must be a contribution by the parties to a common undertaking to constitute a joint adventure and a community of interest as well as some control over the subject matter or property right of contract.

3. SAME—UNINCORPORATED VOLUNTARY ASSOCIATION OF PRINTERS.
   An unincorporated voluntary association for profit, formed by upwards of 100 individuals for the purpose of investing in and operating a printing business to which they made contributions, bought land on a land contract and conducted the printing business thereon *held*, a joint adventure.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 30 Am Jur, Joint Adventures, § 3.
[1–4] What amounts to a joint adventure.   48 ALR 1055, 63 ALR 909 and 138 ALR 968.
[2] 30 Am Jur, Joint Adventures, §§ 10–12, 32.
[4] 30 Am Jur, Joint Adventures, § 6.
[5] 30 Am Jur, Joint Adventures, § 29.
[6, 7] 14 Am Jur, Cotenancy, § 22; 40 Am Jur, Partition, § 106.
[8, 11] 40 Am Jur, Partition, § 83.
[9] 30 Am Jur, Joint Adventures, §§ 44, 45.
[10] 19 Am Jur, Equity, § 410.

4. Same—Tenancy in Common—Venture.
   A joint adventure is distinguishable from tenancy in common because the latter lacks the feature of adventure.

5. Same—Tenancy in Common—Real Estate.
   Joint adventurers are as tenants in common with relation to real estate acquired under the joint adventure.

6. Tenancy in Common—Partition—Equity—Jurisdiction.
   Courts of equity have jurisdiction, both under an independent of statute, to decree partition of property held by cotenants (CL 1948, § 631.1 et seq.).

7. Same—Partition.
   The right of a cotenant to partition is absolute.

8. Same—Partition—Sale of Property.
   When the character of property owned by tenants in common is not susceptible of partition among the cotenants, the court may order a sale of the property and distribution of the proceeds.

9. Joint Adventures—Recovery of Property by Members—Consent.
   In the absence of an agreement or statute to the contrary, persons once engaged in a joint adventure for profit under which property is acquired may thereafter become disengaged and recover their property interests therein without the consent of all.

10. Equity—Pleadings—Germane Relief.
    Relief, though not prayed for in the pleadings, may be granted by a court of equity, where germane to the issues presented in plaintiff's bill.

11. Same—Joint Adventures—Partition—Germane Relief.
    Where pleadings in suit to set aside deeds, to compel specific performance of a land contract, for an accounting, an injunction and for other relief, alleged facts concerning the existence of a joint adventure, the investments made by the members, acquisition of property, formation of grantee corporation, acceptance of stock therein by some members, willingness of corporation to issue stock to other members and their refusal to accept it and the dissention existing between the members and that a partition of the assets of the organization would, in effect, give the minority members an opportunity to retire upon payment of the fair value of their interest, decree for sale of the assets and dis-

tribution of the proceeds was proper since it was germane
to the issues thus presented.

12. JOINT ADVENTURES—PARTITION—CORPORATIONS—SALE SUBJECT
TO INDEBTEDNESS—RECORD.

Finding of trial court that after incorporation the same man-
agement of a printing business as had been had under a volun-
tary association for profit was continued in the same manner
and by the same people and resulted in no damage whatso-
ever to the members and that indebtedness incurred in such
operation did not result from fraud or mismanagement *held,*
supported by record; hence, trial court's order, incident to
partition after formation of corporation, that property be
sold subject to such indebtedness was not error.

Appeal from Wayne; Jayne (Ira W.), J. Submit-
ted April 6, 1949. (Docket No. 27, Calendar No. 44,-
085.) Decided May 18, 1949. Rehearing denied
September 8, 1949.

Bill by John Swan and others against Alex Ispas
and others to have deeds set aside and to compel
specific performance of a land contract, an injunc-
tion and accounting. Cross bill by defendants James
Traylor and others against plaintiffs for appoint-
ment of appraiser and for determination of interest
of members of joint venture. Decree on cross bill
appointing receivers and authorizing sale and parti-
tion. Plaintiffs appeal. Affirmed.

*Bledsoe & Taylor (George Stone, of counsel), for
plaintiffs.

*Dexter & McInally,* for defendants.

DETHMERS, J. Plaintiffs, a number of the indi-
vidual defendants, and others, were members of an
unincorporated voluntary association for profit,
formed for the purpose of investing in and operat-
ing a printing business. They made contributions
for that purpose with which the association bought

on land contract the real estate, equipment and good will of a printing business. The association ultimately paid most of the purchase price. The members and directors adopted resolutions to incorporate. Before the incorporation was accomplished dissension, as stated in plaintiffs' brief and supported by the record, arose among board members. The dissension seem to have centered around who was to have charge of the act of incorporation, how and by which attorney it was to be done. A majority of the directors, all defendants herein, met without notice to the minority group and authorized the formation of defendant Atlas Power Publishing Company, hereinafter called the Atlas Corporation, and the transfer to it of the association property and assets. Subsequently, defendants Alex and Mary Ispas and Detroit Sales Circulator Printing Company, vendors in the land contract, upon receipt from the Atlas Corporation of the balance due on the contract, conveyed to it title to the printing business, real estate and equipment sold to the association under the contract. The corporation thereafter conducted the printing business and in so doing contracted some debts. The corporation and its officers, all defendants herein, offered to issue stock to association members on the basis of the amount theretofore invested by each in the association. Sixty-five members accepted. Fifty-one members, including plaintiffs, represented by the minority directors' group of the association, disavowed the incorporation and refused to accept corporate stock.

Plaintiffs' bill prays that the conveyance of the printing business and real estate to the Atlas Corporation be set aside, that the vendors in the land contract be required to convey to the association, that the Atlas Corporation be required to account for moneys received in the operation of the printing business and restrained from operating it further,

and for damages. Defendants' cross bill prays that
the court determine the value of the said property
and assets and the value of each association mem-
ber's interest therein, and that by decree each mem-
ber be permitted to accept the equivalent of his re-
spective interest either in stock in the corporation or
in cash from the corporation and that thereafter the
corporation be decreed to be the owner of said prop-
erty and assets. The court decreed that said prop-
erty and assets be sold at public auction, subject to
the debts incurred in the operation of the printing
business by the Atlas Corporation, and that the pro-
ceeds be distributed to the association members ac-
cording to their respective interests. Plaintiffs ap-
peal.

The meritorious question presented is whether
the court can order partition of the association as-
sets when (1) all association members do not con-
sent thereto, the association being solvent and not
having fulfilled its purpose, and (2) neither plain-
tiffs' bill nor defendants' cross bill specifically prays
for such relief.

"A 'joint adventure' is defined as 'an association
of two or more persons to carry out a single busi-
ness enterprise for profit.' *Fletcher* v. *Fletcher,* 206
Mich 153." *Keiswetter* v. *Rubenstein,* 235 Mich 36
(48 ALR 1049).

"There must be a contribution by the parties to a
common undertaking to constitute a joint adventure;
* * * and a community of interest as well as some
control over the subject matter or property right of
contract." *Hathaway* v. *Porter Royalty Pool, Inc.,*
296 Mich 90, 103 (138 ALR 955).

"Here was a special association of several persons
in a single venture, seeking profit without any actual
partnership or corporate designation. The law des-
ignates such an enterprise a joint adventure and the

participants joint adventurers." *Lane* v. *Wood,* 259 Mich 266.

By these tests the association amounted to and was a joint adventure.

"A joint adventure is distinguishable from  *  *  * tenancy in common because the latter lacks the feature of adventure." *Hathaway* v. *Porter Royalty Pool, Inc., supra,* 102.

Aside from that distinction, joint adventurers are as tenants in common with relation to the real estate acquired under the joint adventure.

"Joint adventurers take title to real estate purchased by them as tenants in common." 48 CJS, Joint Adventures, § 7, p 834 (citing *Clark* v. *Sidway,* 142 US 682 [12 S Ct 327; 35 L ed 1157]).

Courts of equity have jurisdiction, both under and independent of the statute (CL 1929, § 14995 *et seq.** [Stat Ann § 27.2012 *et seq.*]), to decree partition of property held by cotenants, the right of a cotenant to partition is absolute, and when the character of the property is such as to be insusceptible of partition among the cotenants, as is manifestly the case here, the court may order a sale of the property and distribution of the proceeds. *Henkel* v. *Henkel,* 282 Mich 473.

Cases involving nonprofit, social, benevolent or ecclesiastical organizations, in which title to property is in the association and cannot be said to belong to the individual members and in which it is indicated that the association may not be dissolved or the property sold without the consent of all the members, are not in point in cases, as here, of joint adventures for profit in which the members own the property as cotenants. In the absence of an agreement

* CL 1948, § 631.1 *et seq.*—Reporter.

or statute to the contrary, no conceivable principle of law or equity supports the idea that persons once engaged in a joint adventure for profit, under which property is acquired, may not thereafter became disengaged or recover their property interests therein without the consent of all. In *Moore* v. *Hillsdale County Telephone Co.*, 171 Mich 388, 398, involving a nonprofit corporation, which case is chiefly relied upon by plaintiffs as authority for the proposition that an association may not be dissolved without the consent of all the members, it is nevertheless said:

"The association * * * is a joint adventure. * . ,* * If there are reasons growing out of internal dissensions, or debts, or a failure to secure the joint benefit sought for by the associates, for the interfer-ence of a portion of its members in behalf of all of them in judicial proceedings, we have no doubt of the powers of a court of chancery to investigate and to grant relief as it would do in case of a partnership."

Citing 6 Callaghan's Michigan Pleading & Practice, p 489 (which, in turn, cites *Smith* v. *Rumsey,* 33 Mich 183), *Leslie* v. *Mendelson,* 302 Mich 95, and *Miller* v. *Casey,* 176 Mich 221, plaintiffs contend that the decree for partition or sale of assets is improper because not specifically prayed for by the bill or cross bill. Examination of these cases discloses that the interdiction is against relief of a character not germane to the issues presented by the pleadings, rather than against relief not specifically prayed. In *Drinski* v. *Drinski,* 309 Mich 479, plaintiff brought suit to set aside transfers of real estate and personal property by a mother to the defendant daughter on the grounds of fraud. The court denied plaintiff the relief sought, declared the conveyances valid and entered a decree practically quieting title in defendant, although she had prayed for no affirm-ative relief. This Court affirmed the decree on the

theory that the relief granted to defendant, though not prayed for in the pleadings, was germane to the issues presented in plaintiffs' bill. In the instant case, the pleadings allege the facts concerning the existence of the joint adventure, the investments made by the members, the acquisition of property, formation of the corporation, the acceptance of stock therein by some of the members, willingness of the corporation to issue stock to the other members and their refusal to accept it, and the dissension existing between the members. Defendants' cross bill specifically alleges:

"That as a practical matter a partition of the assets of the organization with the great preponderance of interest therein being held by the corporation will amount to the same result as giving the minority members an opportunity to retire upon payment of the fair value of their interest."

The cross bill concludes with the prayer for relief as hereinbefore noted. The decree for sale of the assets and distribution of proceeds to the members is germane to the issues thus presented and is, therefore, proper.

The record convinces us of the correctness of the trial court's finding that after the incorporation the same management as under the association was continued, the company was run in the same manner and with the same people as before, and the fact of incorporation caused the members no damage whatsoever. The corporation and its officers at all times operated the business as and for the entire membership and it in no wise appears that the indebtedness incurred in such operation resulted from fraud or mismanagement. The business had lost a great deal of money and was in financial straits before the incorporation and apparently continued so thereafter, although its condition was beginning to improve.

Under the circumstances it cannot be said that the court, in decreeing a sale of the assets, was in error in requiring that the property be sold subject to such indebtedness.

Decree affirmed, with costs to defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.