BARNER v. CITY OF LANSING

1. CONTRACTS—UNAMBIGUOUS CONTRACTS—CONSTRUCTION.

   An unambiguous contract is not subject to construction and must be enforced according to its terms; rules of construction are resorted to only when the contract is ambiguous and susceptible of different meanings.

2. CONTRACTS—UNAMBIGUOUS CONTRACT.

   The meaning of a provision in a contract of employment is clear that double-time would be paid for *all* hours worked on Sunday where the provision concerning payment for compensation for time and one-half spoke of time worked in excess of eight hours per day or 40 hours per week but the portion dealing with compensation for double-time contained no such provision concerning time worked in excess of eight hours per day or 40 hours per week.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 October 13, 1970, at Lansing. (Docket No. 8,744.) Decided October 30, 1970. Leave to appeal denied February 9, 1971. 384 Mich 804.

Complaint by Robert Barner, for himself and as assignee of 24 employees of the City of Lansing, against the City of Lansing for payment under a contract of employment. Judgment for defendant. Plaintiff appeals. Reversed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts § 241.
[2] 53 Am Jur 2d, Master and Servant §§ 78, 79.

*Rapaport, Siegrist, Sablich & Mitchell,* for plaintiff.

*Oskar M. Hornbach,* City Attorney, and *Susan A. Rasmusson,* Assistant City Attorney, for defendant.

Before: Quinn, P. J., and V. J. Brennan and Ziem,* JJ.

Ziem, J. Plaintiffs are employees of the City of Lansing who were on the payroll from July 1, 1966, to July 1, 1967. During this period the city and the union representing the plaintiffs were covered by the terms of a collective bargaining agreement effective July 1, 1966. At the hearing of this cause, the parties stipulated that the contract between them be placed in evidence and it is a part of the record.

The contract provision in question reads as follows:

*"Section 9.    Overtime.*

*"*A. *General Provisions.*

*"Time and One-Half.* Time worked in excess of eight (8) hours per day or forty (40) hours per week, or on a holiday recognized in this agreement (in addition to holiday pay therefor), shall be compensated for at the rate of one and one-half times the employee's regular hourly rate of pay, exclusive of shift or premium pay.
*"Double-Time.* Double-time will be paid for all hours worked on Sunday."

The city of Lansing denies it owes its employees double-time for Sunday work on the basis that the double-time provision is located within the general chapter on overtime. If this was the intent of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

parties, they would have said so.    Defendant's argument has no basis for two reasons:

1) It disregards the clear contractual language; and

2) It disregards art XI, § 7, of the contract which reads:

"*Headings in This Agreement, Effect of.* The headings used in this agreement neither add to nor subtract from the meaning, but are for reference only."

It is well established that an unambiguous contract is not subject to construction and must be enforced according to its terms. *Sturgis National Bank* v. *Maryland Casualty Co.* (1930), 252 Mich 426, 429. See also *Michigan Trust Co.* v. *Grand Rapids Hotel Co.* (1933), 265 Mich 328, 338, where the Court stated:

"But when there is no ambiguity in the language used and the intent of the parties is plainly expressed, there is nothing to interpret, and it is the duty of the courts to enforce the contract according to its terms."

Rules of construction are resorted to only when the language of a contract is ambiguous and susceptible of different meanings.

The provision of § 9A concerning "time and one-half" speaks of "time worked in excess of 8 hours per day or 40 hours per week"; however, the portion dealing with "double-time" contains no such provision concerning time worked in excess of 8 hours per day or 40 hours per week.

The meaning of this provision is clear—double-time will be paid for *all* hours worked on Sunday. The contract does not state that double-time will be paid for all *over-time* hours on Sunday.

It would have been a simple matter to require that a 40 hour week must have been worked before the Sunday double-time provision applies. If such was the intention of the parties, they should have said so. This Court will not rewrite the contract at this late date.

Reversed. Judgment shall be rendered for plaintiffs in the stipulated amount of $7,932.94, plus interest.

All concurred.