BRITTON v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY

1. CONTRACTS—REFORMATION—CONSTRUCTION.
    A court may not reform or modify a contract under the guise of interpretation.

2. CONTRACTS—UNAMBIGUOUS CONTRACTS—ENFORCEMENT.
    Contracts which are unambiguous are not open to construction and must be enforced as written.

3. INSURANCE—INSURANCE POLICY—CONSTRUCTION.
    An insurance policy should be construed strictly or most strongly against the issuer of the policy where there is reasonable uncertainty, doubt, or ambiguity in the policy's terms.

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 June 11, 1970, at Detroit. (Docket No. 8013.) Decided February 17, 1971. Leave to appeal denied June 3, 1971, 385 Mich 752.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Contracts § 242.
[2] 17 Am Jur 2d, Contracts § 241.
[3] 43 Am Jur 2d, Insurance § 276.

Complaint in the Common Pleas Court of Detroit by Herbert Britton against John Hancock Mutual Life Insurance Company for disability insurance benefits. Judgment for plaintiff. Defendant appealed to circuit court. Reversed. Plaintiff appeals by leave granted. Reversed.

*Philo, Maki, Ravitz, Glotta, Adelman, Cockrel & Robb,* for plaintiff.

*Dickinson, Wright, McKean & Cudlip* (by *Thomas E. Owen*), for defendant.

Before: DANHOF, P. J., and V. J. BRENNAN and J. J. KELLEY, JR.,* JJ.

KELLEY, J.   As partial return for work rendered to his employer the plaintiff-appellant employee received the benefits of a group policy of insurance which required that to

"any  *  *  *  employee  *  *  *  wholly and continuously disabled  *  *  *  and  *  *  *  thereby prevented from performing any and every duty of his occupation, the company shall pay  *  *  *  a weekly benefit  *  *  *  for the period of such disability but not exceeding 52 weeks for any one continuous period of disability.  *  *  *  [O]ne continuous period of disability shall include successive periods of disability due to the same or related cause which are separated by  *  *  *  less than *seven working days* if weekly benefits were payable for any part of the previous period of disability." (Emphasis supplied.)

To explain to employees the meaning of the insurance contract, defendant insurance company prepared and distributed a pamphlet which did not contain the word "consecutive":

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"You can * * * make a * * * claim for benefits if an old accident or illness disables you again, provided you have been back to work *seven working days* or more * * * ." (Emphasis supplied.)

Over a period exceeding 18 months, from May 2, 1967, to November 18, 1968, the employee did not work due to disability, except that in November 1967, he worked three days in a row, was off a day due to disability for which he received no benefits, and then worked the next five and one-half days.

Defendant-appellee insurance company refused to pay benefits beyond 52 weeks on the sole basis that even though the word "consecutive" does not appear in the pertinent portion of the policy, the phrase "seven working days" should be read as "seven *consecutive* working days". If the policy is read as written the employee is entitled to another 26 weeks of benefits; if read as the insurance company asks, he is entitled to nothing further. The insurance company advances various arguments for its claim, none of which has any merit.

One such argument is that by working only one day a month over a period of seven months the employee could establish a new period of disability every seven months. Basically this argument overlooks the fact that the clear, unequivocal language chosen by the insurance company and delivered to the employee on a take-it-or-leave-it basis does not contain the word "consecutive" or any hint of it. Further, the argument proceeds on the false premise that employees fake working ability and disability, for which the insurance company has no recourse. It is also noteworthy that even if the phrase be read "seven consecutive working days", as the insurance company contends, an employee, by working seven consecutive working days during the last two weeks of every 52-week period, could

thereby continuously re-establish periods of disability, thus creating the same situation to which the insurance company objects.

Under the guise of interpretation a court may not reform or modify a contract. Contracts which are unambiguous are not open to construction and must be enforced as written. *Cottrill* v. *Michigan Hospital Service* (1960), 359 Mich 472, 476. *Topolewski* v. *Detroit Automobile Inter-Insurance Exchange* (1967), 6 Mich App 286, 290. Even if there were reasonable uncertainty, doubt, or ambiguity in its terms, the insurance policy should be construed strictly or most strongly against the defendant. *Leski* v. *State Farm Mutual Automobile Insurance Company* (1962), 367 Mich 560, 567.

Defendant could easily have inserted the word "consecutive" into the policy at the time of its preparation. When an employee's living benefits are involved, it is no time to begin carving exceptions out of long-established rules pertaining to insurance contracts. After plaintiff's seventh day of work in November 1967, a new 52-week period of disability began, entitling him to the benefits he seeks.

Reversed. Costs to plaintiff.

All concurred.