MAYER v CREDIT LIFE INSURANCE COMPANY

1. INSURANCE—POLICY—INTERPRETATION—"FIRST MANIFESTED".

The term "first manifested", in an insurance contract where coverage is dependent on a sickness or disease being "contracted and first manifested" during the term of the policy, must be taken to mean that the very disease or sickness which leads to insurer liability must be manifested when sufficient symptoms exist to allow a reasonably accurate diagnosis.

2. INSURANCE—POLICY—PHYSICAL EXAMINATION.

An insurance company that does not require a physical examination to determine the existence of some sickness or disease which might give rise to its liability takes the chance that the insured party will misinterpret his own symptoms or will rely on past erroneous diagnoses of his condition.

3. INSURANCE—POLICY—INTERPRETATION—"CONTRACTED".

The term "contracted", as used in an insurance policy insuring against sickness or disease "contracted and first manifested" during the term of the policy, is not a strict second condition to be met when the sickness is first manifested during the term of the policy; the phrase "contracted and first manifested" must be viewed as one term because the ordinary meaning of the conjunctive "and" is to denote joinder or union.

Appeal from Oakland, William J. Beer, J. Submitted Division 2 June 20, 1972, at Detroit. (Docket No. 11532.) Decided August 30, 1972. Leave to appeal denied, 389 Mich 759.

Complaint by George Mayer against the Credit Life Insurance Company to enforce a disability

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 43 Am Jur 2d, Insurance §§ 1206, 1209.
  When sickness deemed to have inception within clause of health or hospital policy covering sickness originating while policy is in force, 53 ALR2d 686.

clause in a contract of insurance. Judgment for plaintiff. Defendant appeals. Affirmed.

*Kutinsky, Davey & Lindeborg* (by *Shelia Solomon*), for plaintiff.

*Seely, Boyer, Gilleo & Simon,* for defendant.

Before: LESINSKI, C. J., and LEVIN and V. J. BRENNAN, JJ.

PER CURIAM. Plaintiff George Mayer brought this action in the Oakland County Circuit Court to enforce a disability clause in a contract of insurance with the defendant Credit Life Insurance Company. Trial court without a jury held for plaintiff; defendant appeals.

On July 16, 1970, plaintiff purchased an automobile financed by Ford Motor Credit Company. Concurrently he contracted with defendant insuring payment for the automobile should he die or become disabled. No inquiry was made by defendant into the state of plaintiff's health at the time of contract. Plaintiff paid a total premium of $157.11.

During the prior summer plaintiff had experienced seizures of the left side of his face, chest and upper arm. He sought local treatment, but instead his physicians recommended treatment at the Mayo Clinic. While there, Mr. Mayer underwent extensive testing and examination which resulted in diagnosis of scar tissue on the brain and ruled out suspected brain tumor. As late as July 27, 1970, one physician did not diagnose the brain tumor discovered when surgery was finally performed on August 4, 1970.

Parties stipulated that there was no fraud on plaintiff's part and that since July 27, 1970, while

the policy was in force, plaintiff has been continually and totally disabled.

Defendant insurer contends on appeal that plaintiff's first symptoms were manifested in July, 1969, and thus plaintiff is precluded from collecting by the policy definition of "sickness".

" 'Sickness' wherever used in the policy shall mean sickness or disease contracted and first manifested during the term of the Insured Debtor's insurance."

Defendant says an insured must both contract *and* first manifest the disease or sickness during the time the policy is in effect.

From the facts it is clear that the tumor was present before the policy contract was in force, but the tumor was not diagnosed until afterward. The controlling point of the case hangs on construction of the words "contracted and first manifested". Where there is uncertainty or reasonable doubt in the meaning of insurance contract terms, in arriving at a construction of the language, it is well established that courts should construe the term liberally in favor of the insured and against the insurer. *Leski v State Farm Mutual Automobile Insurance Co,* 367 Mich 560 (1962); *Britton v John Hancock Mutual Life Insurance Co,* 30 Mich App 566 (1971).

The term "first manifested" must be taken to mean that the very disease or sickness which leads to insurer liability must be manifested when sufficient symptoms exist to allow a reasonably accurate diagnosis. Were it otherwise, we feel the disability feature of the policy would be wholly illusory. See *Hovis v Industrial Hospital Association,* 71 Wash 2d 169; 426 P2d 976 (1967). Since defendant required no physical examination, it took the chance that the plaintiff, not being

learned in medicine, would misinterpret his own symptoms or would rely on past erroneous diagnoses made of his condition.

Furthermore, defendant cannot disclaim liability by making the term "contracted" a strict second condition to be met before liability attaches. "Contracted and first manifested" must be viewed as one term because the ordinary meaning of the conjunctive "and" is to denote joinder or union. *Michigan Public Service Co v Cheboygan,* 324 Mich 309, 341 (1949). If this were not the rule the insured would have to be clairvoyant, being able to accurately determine the exact medical cause of each ache and pain.

Affirmed. Costs to plaintiff.

All concurred.