JOHN v JOHN

1. AUTOMOBILES—STATUTES—GUEST ACT—DEFINITIONS—OWNERS—AS-
SOCIATIONS.

For the purposes of the Michigan guest act and the Michigan
Vehicle Code, an association need not hold legal title to a
vehicle to be defined an "owner"; an automobile was correctly
determined to be "owned" by an association of three sisters,
despite the fact that the legal title to the automobile was in the
name of only one of the sisters, where the sisters lived in a
home maintained by all three, contributed equally to the cost
of the automobile, and to the cost of insurance, gasoline,
repairs, and license fees, and each sister had access to and use
of the automobile without the necessity of securing permission
from anyone (MCLA 257.37[a], 257.401).

2. ASSOCIATIONS—PROPERTY—OWNERSHIP—JOINT TENANCY.

The property of a voluntary, unincorporated association is the
joint property of its members, because such an association is
not a distinct jural entity in the absence of a statute so
providing.

3. AUTOMOBILES—NEGLIGENCE—IMPUTED NEGLIGENCE.

The negligence of the driver operating an automobile in which
the owner is riding is not imputable to the owner.

4. AUTOMOBILES—STATUTES—GUEST ACT—DEFINITIONS—NEGLIGENCE.

A co-owner passenger in an automobile driven by another co-
owner is not a "guest" within the meaning of the Michigan
guest act where the co-owner passenger was not transported by
virtue of the co-owner driver's "express invitation or implied
consent or invitation", but had a right, by virtue of co-owner-
ship, to be transported in the automobile and neither invitation
nor consent of the driver was necessary, and the co-owner
passenger was not the recipient of the co-owner driver's hospi-
tality because although title to the automobile was in the

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 86.
[2] 6 Am Jur 2d, Associations and Clubs §§ 13, 23.
[3, 4] 8 Am Jur 2d, Automobiles and Highway Traffic § 602.

driver, the passenger was a contributor to the purchase and maintenance of the automobile; such a co-owner passenger may recover damages for injuries sustained by reason of the co-owner driver's ordinary negligence (MCLA 257.37[a], 257.401).

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 March 7, 1973, at Detroit. (Docket No. 14260.) Decided May 24, 1973.

Complaint by Julia John against Eleanor John for damages for injuries sustained in an automobile accident. Judgment for plaintiff. Defendant appeals. Affirmed.

*Goodman, Eden, Millender, Goodman & Bedrosian* (by *Paul A. Rosen*), for the plaintiff.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *William H. Morman*), for the defendant.

Before: J. H. GILLIS, P. J., and McGREGOR and ADAMS,* JJ.

McGREGOR, J. Plaintiff Julia John sued to recover damages for personal injuries she sustained while a passenger in an automobile driven by her sister, Eleanor John, the defendant. The parties stipulated that the defendant was guilty of ordinary negligence and that plaintiff was not contributorily negligent. Damages were stipulated to be $13,000. In addition, the parties agreed that only the defendant's name appeared on the title to the automobile, on the insurance, and on the note and security agreement given in payment for the automobile. Finally, it was agreed that the sole issue was whether the plaintiff was the owner of the automobile at the time of the accident, that the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

court was to determine the facts and decide the legal issue involved, and that, if the court found the plaintiff to be the owner, the guest act, MCLA 257.401; MSA 9.2101, would be inapplicable and the plaintiff should recover.

The case was submitted to the trial court upon depositions which established the following relevant and undisputed facts:

The plaintiff, Julia, lived with her two sisters, Eleanor and Josephine, in a home maintained by all three. Although Eleanor's name appeared on the deed, the three sisters contributed equally to its cost and maintenance.

Approximately six weeks prior to the accident, the sisters purchased a new 1968 Dodge Polara automobile. Each sister paid one-third of the down payment out of her personal funds, but they agreed that the automobile was to be titled in defendant Eleanor's name. The sisters contributed equally to the cost of insurance, license fees, gasoline, and repairs. Although Eleanor did most of the driving, Julia occasionally drove the automobile to go shopping and visiting. In addition, Julia was free to take the car whenever she chose to do so, without permission from either of her sisters, and had her own set of keys.

On January 28, 1968, the defendant Eleanor was backing the automobile out of the family driveway when she lost control, resulting in an accident which caused serious injury to the plaintiff, who was a passenger at the time.

The trial court, on the basis of these facts and the stipulations of the parties, held that the sisters contributed equally to the cost of the automobile for joint purposes, including ownership. The sisters were held to comprise an association which owned the automobile; plaintiff, as a member of the asso-

ciation, was held to be a joint or co-owner. The court concluded that the plaintiff was not a guest passenger within the meaning of the guest act and that, as an owner, she could maintain a cause of action based on ordinary negligence.

The central and dispositive issue on appeal is whether the finding of the trial court, that the plaintiff Julia was an owner of the automobile within the meaning of the Michigan guest act, MCLA 257.401; MSA 9.2101, was clearly erroneous. We hold that it was not and affirm the judgment.

Section 37 of the Michigan Vehicle Code, MCLA 257.37; MSA 9.1837, defines an owner as:

"(a) Any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days.

"(b) A person who holds the legal title of a vehicle * * * ."

The trial court found that the sisters constituted an association having the exclusive use of a motor vehicle for a period of greater than 30 days and hence were statutory owners under § 37(a). It is clear that, if this finding is correct, the fact that defendant Eleanor held legal title would be immaterial, since a statutory owner under subsection (a), here the association, need not be a legal title holder under subsection (b). *Ketola v Frost,* 375 Mich 266 (1965).

"Association," not being a technical word or term of art, must be given its customary or ordinary meaning when interpreted by this Court for purposes of subsection (a). MCLA 8.3a; MSA 2.212(1); *American Telephone & Telegraph Co v Employment Security Commission,* 376 Mich 271,

279 (1965); *People v Powell,* 280 Mich 699, 703 (1937). Black's Law Dictionary (4th ed), p 156, defines "association", in part, as:

"The act of a number of persons in uniting together for some special purpose or business. The persons so joining. It is a word of vague meaning used to indicate a collection of persons who have joined together for a certain object."

The undisputed facts clearly support the trial court's finding that the sisters comprised an association, as above defined, for purposes of the Vehicle Code. Each sister paid one-third of the down payment on the automobile; each shared in one-third of the cost of insurance, gasoline, repairs, and license fees; each had access to and use of the automobile without the necessity of securing permission from anyone. It is apparent that the purchase and maintenance of the automobile was a joint undertaking for the mutual benefit of the three sisters collectively. After having shared the benefits of this joint undertaking, the defendant's claim of sole ownership comes too late. To accept that claim would be to ignore the economic realities made plain by the facts presented. We hold that the sisters were an association for purposes of § 37(a) of the Vehicle Code.

Because a voluntary, unincorporated association is not a distinct jural entity in the absence of a statute so providing, the property of such an association is the joint property of its members. *People v Budzan,* 295 Mich 547 (1940). Hence, by membership in the association, plaintiff became a joint or co-owner of the automobile.

As to the ownership of an automobile, in which the owner is riding but which is being driven by another, the parties stand in relationship of bailor and bailee, and the negligence of the driver in

operating the automobile is not imputable to the owner. *Sherman v Korff,* 353 Mich 387 (1958).

In *Langford v Rogers,* 278 Mich 310, 316 (1936), the Court defined "guest", for purposes of the guest act, as:

" * * * one who is carried or transported by the owner or operator of the motor vehicle, whether by express invitation or by implied consent or invitation. So long as the party transported accepts the hospitality of the owner or driver, or is carried or transported by reason of an implied invitation of such owner or operator of the motor vehicle, as in this case, for his own entertainment, pleasure and enjoyment, without compensating the owner of the vehicle, he is a guest within the meaning of the statute."

Having concluded that the plaintiff was a coowner of the automobile in which she was a passenger, the question remains whether she was a guest as defined in *Langford, supra.* The answer is obviously in the negative. Plaintiff was not transported by virtue of defendant Eleanor's "express invitation or implied consent or invitation"; plaintiff had a right, by virtue of her co-ownership, to be transported in the automobile, and neither invitation nor consent by Eleanor was necessary. Further, plaintiff was not the recipient of defendant's hospitality. Plaintiff's contribution to the purchase and maintenance of the automobile certainly negates the possibility of any such finding. It is clear that the plaintiff, as co-owner, was not a guest for purposes of the guest act. This holding is fully supported by the leading case of *Baldwin v Hill,* 315 F2d 738 (CA 6, 1963).

Since plaintiff was not a guest, and hence, not within the purview of the guest act, she may recover damages for injuries which she sustained

by reason of the defendant's ordinary negligence, in accordance with the stipulations of the parties.

The judgment of the trial court is affirmed.

All concurred.