DeVRIES v BRYDGES

1. APPEAL AND ERROR—STANDARD OF REVIEW—FINDINGS OF FACT—
   COURT RULE.

   The single standard of review of findings of fact in all actions
   tried without a jury is that such findings shall not be set aside
   unless clearly erroneous (GCR 1963, 517.1).

2. CONTRACTS—CONSTRUCTION—INTENTION OF PARTIES.

   A contract should always be construed so that it carries the
   intention of the parties into effect; if the language of the
   contract is clear and unambiguous there is no room for con-
   struction by the courts and the language must be held to
   express the intention of the parties.

3. CONTRACTS—REFORMATION—MODIFICATION—QUORUM REQUIREMENT
   —DEATH OF PARTY.

   Reformation and modification of a contract to provide that three
   out of four was a quorum was erroneous where the contract
   clearly and unambiguously required the presence of four of the
   five parties to the agreement to constitute a quorum and one of
   the five parties had withdrawn, and where there was no provi-
   sion for adjustment of the quorum requirements upon with-
   drawal or death of a party.

4. CONTRACTS—JOINT ENTERPRISE—TENANCY IN COMMON—RIGHT OF
   SURVIVORSHIP—REAL PROPERTY—INTEREST IN PROPERTY—RIGHT
   TO LIQUIDATE.

   Parties to a joint enterprise agreement who hold land as a group
   pursuant to the agreement hold the land as tenants in common
   where there is no express right of survivorship, the agreement
   implies that a deceased party's interest will descend to his heirs

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 76.
[2] 17 Am Jur 2d, Contracts §§ 240, 241.
[3] 17 Am Jur 2d, Contracts § 465.
[4] 20 Am Jur 2d, Cotenancy and Joint Ownership § 22.
    28 Am Jur 2d, Estates § 66.
[5] 59 Am Jur 2d, Partition § 118.
[6] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 3, 11, 13.

or to his estate, and the estate of a deceased party is not required to sell the decedent's interest to the other parties, but has the right to liquidate the decedent's equity into cash.

5. Partition—Tenancy in Common—Statutes—Sale of Land—Distribution of Proceeds.

A statute provides that tenants in common may have their land partitioned, but where the character of the land is such that it is insusceptible of partition among the co-tenants, a court may order a sale of the property and distribution of the proceeds (MCLA 600.3304).

6. Contracts—Joint Enterprise—Real Property—Interest in Property—Interest of Decedent.

A joint enterprise agreement which provides that should any party die his heirs or legal representatives shall be entitled to receive from the other parties the value of his cash equity in land owned by the parties, does not require the estate of a deceased member to accept the cash equity of the decedent as full payment for his interest in the land, and where the court found that the deceased party's interest was not sold before his death, his fractional share passed to his estate and did not revert to increase the interests of the surviving partners.

Appeal from Lake, Charles A. Wickens, J. Submitted Division 3 October 10, 1974, at Grand Rapids. (Docket No. 18752.) Decided November 27, 1974.

Complaint by William DeVries against John D. Brydges, George Morse, the estate of John B. Brydges, and Charles J. Van Horn to enforce an agreement and to enjoin the sale of land. Judgment for defendants. Plaintiff appeals. Affirmed in part, reversed in part, and remanded.

*Mohney, Goodrich & Titta, P. C.,* for plaintiff.

*Bergstrom, Slykhouse & Shaw, P. C.* (by *Robert G. Quinn, Jr.),* for defendants.

Before: Allen, P. J., and J. H. Gillis and McGregor, JJ.

McGREGOR, J. Plaintiff brought this action to enforce a "Joint Enterprise Agreement" with the defendants and to enjoin the sale of 520 acres of land which form the subject matter of the agreement. Plaintiff appeals the trial court's judgment approving the sale and declaring the agreement void as an illegal restraint on the alienation of land.

The facts in this case are not in dispute. In 1962, John D. Brydges entered into a land contract as "trustee" buyer for a group of five persons including himself, who wished to purchase 520 acres of land in Lake County. Until 1966, there was only an oral agreement that the land was being purchased for the joint recreational use of all.

In 1966, a "Joint Enterprise Agreement" was prepared by plaintiff's attorney and was signed by the five who were members of the club at that time. In 1967, one of the members withdrew from the agreement and was bought out by the other parties, leaving the plaintiff and the defendants, John D. Brydges, George Morse, and John B. Brydges in the club.

Under the agreement, the presence of four of the five parties was required to constitute a quorum for the purpose of transacting the business of the enterprise, including the sale of all or part of the land. On May 21, 1970, John D. Brydges, John B. Brydges, and George Morse, together with their wives, met to discuss selling the property. The plaintiff was given notice of the meeting but did not attend. At the meeting, the three parties present agreed to sell the land. On March 6, 1972, defendants entered into a purchase agreement with Charles J. Van Horn, as purchaser of the property for $79,500, on condition that future litigation would be terminated in favor of the defendants.

On May 8, 1971, John B. Brydges died, leaving three of the original five members in the club.

Paragraph four of the agreement provides that, should any party die, his heirs or legal representatives shall be entitled to receive from the other parties the value of his cash equity (as set forth in paragraph three) less 15%.

On April 4, 1972, plaintiff brought this action to enjoin the proposed sale and enforce the "Joint Enterprise Agreement". In addition, he asked that the estate of John B. Brydges be paid $1,537.80 in full compensation for the deceased's interest, as computed in accordance with paragraph four of the agreement. Finally, plaintiff asked that John D. Brydges be removed as trustee, and that another trustee be appointed.

Defendants counter-claimed, alleging that the May 21st meeting authorizing the sale of the property was "in accordance with the spirit and meaning of the Joint Enterprise Agreement", and was, therefore, binding. They also asserted that the estate of John B. Brydges was entitled to an equal share in the proceeds of the sale. They alleged that paragraph two of the agreement, which prevents alienation of the parties' interests, was ineffective and void, and that the entire agreement was therefore invalid. Finally, defendants requested the court to partition the land among the four parties equally.

In its opinion, the trial court found that the agreement was void as an illegal restraint on the alienation of the land and was impossible to perform as written. The court held that the intent of the agreement was to authorize a sale by one less than all the parties and, therefore, a vote of one less than all remaining parties would be sufficient to approve the sale of all of the land. The court concluded that, since the interest of John B.

Brydges was not sold before his death, his share in the land would pass to his estate which would receive an equal one-quarter interest in the proceeds of any sale. From this judgment plaintiff appeals.

Initially, we note that there is unanimous agreement among the parties, that paragraph two of the "Joint Enterprise Agreement" is void as an illegal restraint on the alienation of the land. Choosing not to disturb this unanimous agreement, we will not, therefore, review the validity of paragraph two, but will instead deem it invalid for the purposes of this appeal.

Plaintiff, while conceding the invalidity of paragraph two, argues that the clause is severable and urges the enforcement of the remainder of the agreement. The trial court, by implication, found that the clause was severable by its attempt to enforce the remainder of the contract according to the parties' "intent".

GCR 1963, 517.1 prescribes a single standard of review for court findings in all actions, legal or equitable, tried without a jury. The standard is that findings of fact shall not be set aside unless "clearly erroneous". 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 596; *Papin v Demski,* 383 Mich 561; 177 NW2d 166 (1970). From our *de novo* review of the record, we hold that the trial court's finding of severability was not clearly erroneous.

Under paragraph ten, the presence of four of the five members was necessary to constitute a quorum for the purpose of transacting business, including the sale of all or part of the land. Plaintiff alleges that, since only three of the members were present at the meeting of May 21, 1970, the agreement to sell the land was invalid.

The trial court, in its opinion, altered the quorum requirements of the agreement by making the following finding:

"Another paragraph of the agreement provides that no part of the property, or its products, may be sold without the written consent of four of the five partners to the agreement. This indicates that the parties did not intend to have universal agreement of all of the parties for a sale, but were willing to be bound by an agreement of less than all the parties to the agreement. There are, presently, only three of the original five parties to the agreement left. Therefore, the court feels that any agreement approved by all but one of the parties should determine what shall happen to the land in question, and the parties shall not be required to need the signatures of all of the parties for a disposition of the land."

In determining contractual rights and obligations, a court must look to the intention of the parties, and a contract should always be construed so that it carries that intention into effect. When the words of a written contract are clear and unambiguous and have a definite meaning, the court has no right to look to extrinsic evidence to determine their intent. Indeed, if the language of the entire contract is clear and unambiguous, there is no room for construction by the courts, and in such case, the language must be held to express the intention of the parties and the court need not search for meanings nor indulge in inferences as to the intention of the parties. *Barner v City of Lansing,* 27 Mich App 669; 183 NW2d 877 (1970), *lv den,* 384 Mich 804 (1971); *Britton v John Hancock Mutual Life Insurance Co,* 30 Mich App 566; 186 NW2d 781 (1971), *lv den,* 385 Mich 752 (1971); *Charles J. Rogers, Inc v Department of State Highways,* 36 Mich App 620; 194 NW2d 203 (1971), *lv den,* 387 Mich 752 (1972).

The quorum requirement set forth in paragraph ten is clear and unambiguous. While the agreement provided for the possibility that a party might withdraw or die, there is no provision to adjust the quorum requirements to reflect these eventualities. As noted in 67 CJS, Parliamentary Law, § 5, p 872:

"Whenever the number required to constitute a quorum is fixed by statute or other rule, a diminution in the number of members of the body will not change the number necessary for a quorum."

The court erred by reforming and modifying the contract under the guise of interpretation. Contracts which are unambiguous are not open to construction and must be enforced as written. *Britton, supra.*

The first paragraph of the agreement clearly states that the parties' interests are equal. There is no express right of survivorship stated in the agreement. In fact, paragraph four of the agreement clearly implies that a party's interest would descend to his heirs or his estate. Paragraph four states that a party's heirs or legal representatives are entitled to receive from the other parties the cash value of the decedent's equity in the agreement. Contrary to plaintiff's claim, this clause does not require the estate to sell the decedent's interest in the agreement to the other members, but gives the estate the right to liquidate the decedent's equity into cash. Therefore, the parties to this agreement held the land as tenants in common. *John v John,* 47 Mich App 413; 209 NW2d 536 (1973).

The defendants, in their counter-claim, asked for partition of their property. MCLA 600.3304; MSA 27A.3304 provides that tenants in common may have their land partitioned. In *Swan v Ispas,* 325 Mich 39, 44; 37 NW2d 704 (1949) the Court stated:

"Courts of equity have jurisdiction, both under and independent of the statute [citation omitted], to decree partition of property held by co-tenants, the right of a co-tenant to partition is absolute, and when the character of the property is such as to be insusceptible of partition among the co-tenants, as is manifestly the case here, the court may order a sale of the property and distribution of the proceeds. *Henkel v Henkel,* 282 Mich 473 [276 NW 522 (1937)]."

Defendants maintain that the land would be difficult to divide and would be most valuable if sold in one parcel. The trial court made no finding of fact on this issue. We therefore remand the case to the trial court, to determine whether the land is capable of partition. If the property is found to be insusceptible of partition among the co-tenants, the court shall order a sale of the property and a distribution of the proceeds.

Plaintiff also asks that the estate of John B. Brydges be directed to accept the decedent's equity in cash, under the provisions of paragraph four.

We hold that paragraph four does not require the estate of a deceased member to accept the cash equity of the decedent as full payment for his interest in the land. The trial court found that the deceased party's interest was not sold before his death and, therefore, his fractional share passed to his estate and did not revert to increase the interests of the surviving partners. We affirm this finding.

Should the trial court find that the land is insusceptible of partition among the co-tenants, the estate of John B. Brydges shall share equally in the proceeds with the surviving three members.

Affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion. No costs, neither party having prevailed in full.

All concurred.