KARAGON v AETNA LIFE INSURANCE COMPANY

INSURANCE—DISABILITY INSURANCE—EXCLUSIONS—DISEASES—DIAGNOSIS.

A clause in a disability insurance contract which excludes coverage during a prescribed time will not foreclose recovery where a disease does not manifest itself with sufficient clarity to allow accurate diagnosis and treatment before the prescribed time has run; the exclusion cannot be made to apply where some of the symptoms were treated before the disease was recognized.

Appeal from Wayne, Thomas J. Brennan, J. Submitted Division 1 January 14, 1975, at Detroit. (Docket No. 20248.) Decided February 13, 1975. Leave to appeal applied for.

Complaint by Mary Karagon against Aetna Life Insurance Company for disability benefits under an insurance policy. Judgment for defendant. Plaintiff appeals. Reversed.

*Glotta, Adelman & Dinges* (by *H. John Taylor*), for plaintiff.

*Fischer, Franklin & Ford* (by *Edward B. Harrison* and *Day Krolik, III*), for defendant.

Before: R. B. BURNS, P. J., and BRONSON and M. F. CAVANAGH, JJ.

R. B. BURNS, P. J. This case involves the interpretation of an exclusion clause in an insurance contract. The trial court found that the exclusion

REFERENCE FOR POINTS IN HEADNOTE
44 Am Jur 2d, Insurance §§ 1617–1621.

clause foreclosed the plaintiff from recovery. We disagree and reverse the judgment.

Plaintiff is employed by the Michigan Department of Social Services. In October, 1970, plaintiff experienced numbness and a lack of coordination in her upper left extremity. She was hospitalized for a week and then returned to work. Her illness was diagnosed as (1) carotid artery kink, right internal, (2) cerebral ischemia, right cerebral hemisphere, and treated accordingly.

The symptoms reappeared in March, 1971, but this time on the right side instead of the left side. Again she sought medical assistance and in November, 1971, it was established that she had multiple sclerosis. Until November, 1971, she had been treated for a right carotid kink.

The insurance contract contains the following exclusions:

"Section III. Item 3. Exclusions, Limitations and Other Provisions.

"No insurance is afforded under this policy

"(a) * * *

"(b) as to a period of disability commencing during the first twelve months of the employee's current period of insurance under this policy if the disability is caused or contributed to by or as a consequence of, a disease or injury for which the employee received treatment or services, or took drugs or medicines which were prescribed or recommended by a physician:

"(i) * * *

"(ii) with respect to all other employees, during the period of six months immediately preceding the date the employee became insured under the group policy."

In *Mayer v Credit Life Insurance Co,* 42 Mich App 648; 202 NW2d 521 (1972), the plaintiff had purchased an automobile July 16, 1970. At the

same time he purchased insurance for the payments on the automobile should he become disabled or die. During the prior summer he had experienced seizures of the left side of his face, chest and upper arm. His condition was diagnosed as scar tissue on the brain. It was discovered August 4, 1970, during surgery, that the plaintiff suffered from a brain tumor. The insurance company maintained that Mayer was precluded from collecting on the policy because the sickness was first manifested in July, 1969. The Court held that "[t]he term 'first manifested' must be taken to mean that the very disease or sickness which leads to insurer liability must be manifested when sufficient symptoms exist to allow a reasonably accurate diagnosis."

So, in this case, if the disease or injury for which the employee previously received treatment or services is to be covered by the exclusion, it must have been correctly diagnosed and appropriately treated during the period covered by the exclusion. When, as here, the disease does not manifest itself with sufficient clarity to allow such an accurate diagnosis and treatment before the exclusion time has run, the exclusion cannot be made to apply because some of the symptoms were treated before the disease was recognized. Plaintiff was not treated for multiple sclerosis until November, 1971.

Reversed and remanded for entry of judgment in accordance with this opinion. Costs to plaintiff.