*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GERRIKA EDWARDS,

        Plaintiff-Appellant,

v

BRANDIE HENDERSON, FEDERAL EXPRESS
CORPORATION, and PROGRESSIVE
MICHIGAN INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
January 15, 2019

No. 339613
Genesee Circuit Court
LC No. 16-107784-NI

Before: LETICA, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

In this no-fault case, plaintiff appeals as of right an order granting summary disposition to defendants, Brandie Henderson (Henderson), Federal Express Corporation (Fed Ex), and Progressive Michigan Insurance Company (Progressive). We affirm.

On September 24, 2015, plaintiff was driving her 2006 Chevrolet Tahoe when she was involved in a traffic accident with Henderson, an employee of Fed Ex who was driving a Fed Ex vehicle at the time. The Tahoe was registered and titled in plaintiff's name, only. Plaintiff's boyfriend, Terry Jackson, had insured the Tahoe with Progressive, but he was the only named insured on the policy. Plaintiff and Jackson were not relatives, had never been married, and did not live together. The Tahoe was kept at plaintiff's residence and she considered it her vehicle. Jackson claimed that he helped to purchase the Tahoe, had a set of keys to it, and could use it whenever he wanted so he considered himself a co-owner of the Tahoe.

Following the accident, plaintiff sued defendants seeking personal injury protection (PIP) benefits and noneconomic damages. Defendants moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff was barred from recovering under the no-fault act because she failed to insure the vehicle as required under MCL 500.3101(1). Plaintiff responded, arguing that Jackson was a co-owner of the Tahoe under MCL 257.37 because he had "exclusive use of the vehicle" and they were an "association" with respect to the Tahoe; therefore, she was driving an insured vehicle at the time of the accident. The trial court rejected the co-owner theory,

holding that Jackson did not have "exclusive use" of the Tahoe because plaintiff kept the vehicle at her home for her use and was driving it at the time of the accident. Further, Jackson was not "an owner by association." Therefore, the court granted summary disposition in favor of defendants. This appeal followed.

Plaintiff argues that Jackson was an owner of the Tahoe because he had unlimited access to it and he shared the costs with plaintiff; thus, Jackson's no-fault policy applied to her and she was an insured driver at the time of the car accident. We disagree.

This Court reviews de novo a decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). A reviewing court must consider affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the opposing party. *Id*. The moving party is entitled to judgment as a matter of law if the evidence fails to establish a genuine issue regarding any material fact—which exists when reasonable minds could differ on an issue. *Id*.; *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). Further, issues of statutory interpretation are reviewed de novo. *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34; 878 NW2d 799 (2016).

The no-fault act, MCL 500.3101 *et seq*., "requires the owner or registrant of a motor vehicle to carry insurance for personal protection, property protection, and residual liability." *Ardt v Titan Ins Co*, 233 Mich App 685, 689; 593 NW2d 215 (1999), citing MCL 500.3101(1). And under MCL 500.3113(b), a person is precluded from receiving PIP benefits if, at the time of the accident, the person was the owner or registrant of the vehicle involved in the accident and the insurance required under MCL 500.3101(1) was not in effect.[1] However, this Court has held that, as long as at least one owner of the vehicle had the required insurance on the vehicle at the time of the accident, that vehicle will be considered properly insured for purposes of MCL 500.3113(b). *Barnes v Farmers Ins Exch*, 308 Mich App 1, 8-9; 862 NW2d 681 (2014). But insurance obtained by a nonowner of that vehicle is insufficient to satisfy MCL 500.3113(b). *Id*. at 6, 8-9.

In this case, plaintiff claims that Jackson was an owner of the Tahoe and because he insured the vehicle with Progressive, the vehicle was properly insured for purposes of MCL 500.3113(b), entitling her to seek PIP benefits and noneconomic damages. Plaintiff argues that the definition of "owner" found in the Michigan Vehicle Code should control while defendants argue that the definition of "owner" set forth in the no-fault act should control. In *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 530; 676 NW2d 616 (2004), our Supreme Court noted that the Michigan Vehicle Code's definition of owner has "virtually identical language" to the definition of owner found in the no-fault act. The *Twichel* Court then applied the no-fault act's definition of "owner" in the no-fault case it was addressing and we will do the same here.

---

[1] MCL 500.3135(2)(c) also precludes the recovery of third-party, noneconomic damages. See *Stevenson v Reese*, 239 Mich App 513, 520; 609 NW2d 195 (2000).

The no-fault act, MCL 500.3101(2)(*l*)(*i*), defines an "owner" to include: "A person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days."[2] In *Ardt*, 233 Mich App at 690, this Court held that "having the use of a motor vehicle" for purposes of this definition "means using the vehicle in ways that comport with concepts of ownership." Noting the reference to renting and leasing in the definition, the *Ardt* Court further explained that "ownership follows from *proprietary* or *possessory* usage, as opposed to merely incidental usage under the direction or with the permission of another." *Id*. at 690-691. Similarly, in *Twitchel* our Supreme Court held that the focus of inquiry "must be on the nature of the person's right to use the vehicle." *Twitchel*, 469 Mich at 530. The *Twitchel* Court noted that there is no requirement that a person actually used the vehicle; rather, "[t]he statute merely contemplates a situation in which the person *is renting or using* a vehicle for a period that is greater than thirty days." *Id*. at 530-531.

Here, it is undisputed that the Tahoe was titled and registered to plaintiff. Plaintiff also testified in her deposition that she purchased the vehicle and was the only owner of the Tahoe, implying that she had exclusive, continuous possession and use of the vehicle. It was also undisputed that the Tahoe was kept at her home for her use, and that Jackson did not live with plaintiff, was not married to plaintiff, and was not her relative. Further, plaintiff testified that she eventually transferred the title to this Tahoe to her grandmother, as was clearly her right.

In his affidavit, Jackson stated that he "felt" like he co-owned the Tahoe with plaintiff because he helped to purchase and maintain the Tahoe, had a set of keys to it, and could use it whenever he wanted without asking permission. We agree with the trial court that Jackson's affidavit is insufficient to raise a genuine issue of material fact as to his ownership of the Tahoe under the facts of this case. In other words, Jackson did not use the Tahoe in ways that comported with the concepts of ownership, i.e., there was no evidence of proprietary or possessory usage by Jackson. See *Ardt*, 233 Mich App at 690-691. Unlike the facts in *Twitchel*, there was no arrangement allowing Jackson exclusive and permanent use of the Tahoe. See *Twitchel*, 469 Mich at 531. While Jackson claims that he could use the Tahoe, such use would have been sporadic and more temporary—like borrowing—than proprietary or possessory in nature. Whatever arrangements Jackson had with plaintiff regarding the Tahoe, such arrangements did not bring him within the statutory definition of "owner" under MCL 500.3101(2)(*l*)(*i*).

Further, like the trial court, we reject plaintiff's claim that Jackson was an owner of the Tahoe by "association" under MCL 257.37 of the Michigan Vehicle Code. MCL 257.37(a) states, in pertinent part, that an "owner" of a motor vehicle includes: "Any person, firm, association, or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period that is greater than 30 days." Plaintiff relies on the case of *John v*

---

[2] The Michigan Vehicle Code, MCL 257.1 *et seq*., defines "owner" as: "Any person, firm, association, or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period that is greater than 30 days." MCL 257.37(a).

*John*, 47 Mich App 413, 417; 209 NW2d 536 (1973), in support of her claim. In *John*, this Court defined "association" as:

> The act of a number of persons uniting together for some special purpose or business. The persons so joining. It is a word of vague meaning used to indicate a collection of persons who have joined together for a certain object. [*Id*. at 417, quoting *Black's Law Dictionary* (4th ed), p 156.]

The *John* case involved three sisters who lived together and equally shared all of the expenses of a home and a motor vehicle. *Id*. at 415. The vehicle was titled in the name of one sister, who was driving, when another sister, who was a passenger, was injured in a motor vehicle accident. *Id*. The issue was whether the injured sister was an owner of the vehicle, and thus entitled to recover for the injuries sustained, or whether the injured sister was a guest under the since-rejected guest passenger act, MCL 257.401, and barred from recovering.[3] *Id*. at 414-416. This Court held that the sisters had an agreement whereby each contributed one-third of the vehicle's down payment to purchase it; "each shared in one-third of the cost of insurance, gasoline, repairs, and license fees; [and] each had access to and use of the automobile without the necessity of securing permission from anyone." *Id*. at 417. Thus, the *John* Court agreed with the trial court that the sisters were an "association" for purposes of the Vehicle Code, and thus, the injured sister could recover for her injuries. *Id*. at 417-419.

First, we note that cases decided before November 1, 1990, are not binding precedent. MCR 7.215(J)(1). See also *Auto-Owners Ins Co v Martin*, 284 Mich App 427, 444 n 4; 773 NW2d 29 (2009). Second, the facts of this case are clearly distinguishable. In this case, for example, plaintiff herself testified that she was the one and only owner of the Tahoe that was in the accident; plaintiff and Jackson were not relatives; plaintiff and Jackson did not live together so he did not have equal access to the Tahoe; there was no evidence that Jackson ever drove the Tahoe; and plaintiff later transferred title to the Tahoe to her grandmother, as was her right. In other words, even if one could be deemed an "owner" under the no-fault act by "association" as set forth in the Vehicle Code, the trial court properly concluded that reasonable minds could not differ on the issue in this case—Jackson was not an "owner" of the Tahoe by association. See *Allison*, 481 Mich at 425.

Because plaintiff failed to insure the Tahoe as required by MCL 500.3101(1), she was barred from recovering PIP benefits under MCL 500.3113(b) and was barred from recovering

---

[3] The guest passenger act was declared unconstitutional in *Manistee Bank & Trust Co v McGowan*, 394 Mich 655, 681; 232 NW2d 636 (1975), overruled on other grounds by *Harvey v Michigan*, 469 Mich 1, 14; 664 NW2d 767 (2003).

noneconomic damages under MCL 500.3135(2)(c). Accordingly, the trial court properly granted summary disposition in favor of defendants.

Affirmed.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter