HEWLETT–PACKARD COMPANY, a California Corporation, et al., Plaintiffs-Appellees,

v.

Willie R. BARNES, Commissioner of Corporations of the State of California, Defendant-Appellant,

John Scalone and Freddy Sanchez, Trustees of the Joint Benefit Trust Established by California Processors, Inc., and the California State Council of Cannery and Food Processing Unions, et al., Plaintiffs-Intervenors.

No. 77–1564.

United States Court of Appeals, Ninth Circuit.

March 14, 1978.

Randall P. Borcherding (argued), Tyler B. Pon, of San Francisco, Cal., for defendant-appellant.

Noble K. Gregory, Parker A. Maddux, Michael H. Salinsky, and Donald S. Tayer, Jean C. Gaskill, Brobeck, Phleger & Harrison, San Francisco, Cal., for plaintiffs-intervenors.

John T. Hayden, of Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., Howard M. Knee, of Schwartz, Steinsapir, Dohrmann & Krepack, Los Angeles, Cal., for plaintiffs-appellees.

Bruce K. Miller, Los Angeles, Cal., for amicus curiae.

Before BROWNING and HUFSTEDLER, Circuit Judges, and BONSAL\*, District Judge.

PER CURIAM:

Willie R. Barnes, California Commissioner of Corporations, appeals from a district court judgment permanently enjoining him from enforcing California's Knox-Keene Health Care Service Plan Act of 1975, Cal. Health & Safety Code §§ 1340–1399.5 (West Supp.1977) ("Knox-Keene") with respect to appellees' employee benefit plans regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1381 (Supp. V 1975) ("ERISA"). The district court found that section 514 of ERISA expressly and validly preempts state regulation of ERISA-covered employee benefit plans. Appellant contends: (1) that section 514(a) of ERISA [1] was not intended to preempt Knox-Keene; (2) that Knox-Keene is a state insurance law exempted by section 514(b) [2] from ERISA's otherwise broad pre-

---

\* Honorable Dudley B. Bonsal, Senior United States District Judge, Southern District of New York, sitting by designation.

1. 29 U.S.C. § 1144(a) (Supp. V 1975):

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

2. 29 U.S.C. § 1144(b) (Supp. V 1975):

(1) This section shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975.

(2) (A) Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person

emption; (3) that ERISA is unconstitutional if construed to preempt Knox-Keene; and (4) that preemption would impair other federal legislation in violation of section 514(d).[3]

■ As to the first three issues, we affirm on the grounds relied upon by Judge Renfrew in his well-considered opinion below. *Hewlett-Packard Co. v. Barnes*, 425 F.Supp. 1294 (N.D.Cal.1977).[4] The clear wording of section 514 and the relevant legislative history show that Congress unmistakably intended ERISA to preempt a state law such as Knox-Keene that directly regulates employee benefit plans. *Id.* at 1297–1300. Although section 514(b)(2)(A) exempts from preemption state regulation of insurance, section 514(b)(2)(B) provides that employee benefit plans may not be considered to be in the business of insurance for purposes of the exception to preemption. *Id.* at 1300. Preemption of state law by ERISA is a valid exercise of Congress's commerce power and does not violate the tenth amendment. *Id.* at 1300–01.

■ We need discuss only the fourth issue raised by appellant—that preemption of Knox-Keene would impair other federal legislation in violation of ERISA's section 514(d), 29 U.S.C. § 1144(d) (Supp. V 1975), which provides in relevant part:

Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States . . . or any rule or regulation issued under any such law.

Appellant claims that, by preempting Knox-Keene, ERISA impairs both the Health Maintenance Organization Act, 42 U.S.C. §§ 300e to 300e–15 (Supp. V 1975) ("HMO Act"), and the McCarran-Ferguson Act, 15 U.S.C. §§ 1011–1015 (1970).

The HMO Act regulates private health care providers but not employee benefit plans that do not directly provide health care services. The Act anticipates concurrent state regulation. Appellant argues that Knox-Keene is California's regulatory scheme for HMOs and that if ERISA preempts Knox-Keene, the HMO Act will be impaired.

The error in the argument is that ERISA only preempts Knox-Keene as applied to employee benefit plans, and there is nothing to indicate that any HMO is an employee benefit plan. Appellant suggests that some HMOs may in the future "transform" into employee benefit plans to avoid state regulation, but fails to point out any example of such "transformation," or, for that

---

from any law of any State which regulates insurance, banking, or securities.

(B) Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

3. 29 U.S.C. § 1144(d) (Supp. V 1975):

Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States (except as provided in sections 1031 and 1137(b) of this title) or any rule or regulation issued under any such law.

4. Although Judge Renfrew examined the legislative history and found support there for the

conclusion that ERISA preempts Knox-Keene's regulation of employee benefit plans, he alternatively relied on the "plain-meaning" rule of statutory construction foreclosing an inquiry into legislative history where the language of a statute unequivocally expresses its meaning. *See* 425 F.Supp. at 1297.

The Supreme Court, however, recently expressed dissatisfaction with the "plain-meaning" rule: "When aid to construction of the meaning of words, as used in the statute, is available, there certainly can be no 'rule of law' which forbids its use, however clear the words may appear on 'superficial examination.'" *Train v. Colorado Public Interest Research Group, Inc.,* 426 U.S. 1, 10, 96 S.Ct. 1938, 1942, 48 L.Ed.2d 434 (1976) (quoting *United States v. American Trucking Ass'ns*, 310 U.S. 534, 543–44, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940).

We therefore look to Judge Renfrew's legislative history analysis alone and conclude that he has amply demonstrated that Congress unmistakably intended ERISA broadly to preempt state regulations of ERISA-regulated employee benefit plans. *See* 425 F.Supp. at 1298–1300.

matter, any specific conflict between ERISA and the HMO Act. We decline to upset ERISA's preemptive clause on such hypothetical grounds.

■ Appellant makes a similar contention with regard to the McCarran-Ferguson Act, which provides in part:

> No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance . . . .

15 U.S.C. § 1012(b) (1970). Under McCarran-Ferguson, ERISA should not be construed in a way that violates the policy of reserving to the states the power to regulate insurance unless ERISA "specifically relates" to insurance. Appellant claims that Knox-Keene is a state law regulating insurance and that construing ERISA to preempt Knox-Keene violates the McCarran-Ferguson Act because ERISA does not "specifically relate" to insurance.

■ Assuming arguendo that Knox-Keene is a state law regulating insurance, to the extent that ERISA clashes with McCarran-Ferguson by impairing Knox-Keene, appellant's argument not only ignores those ERISA sections that undeniably "specifically relate" to the business of insurance, but also overlooks ERISA's "deemer" clause, which states that an employee benefit plan shall not be deemed to be engaged in the business of insurance for the purposes of state law. 29 U.S.C. § 1144(b)(2)(B) (Supp. V 1975). *See also id.* §§ 1002(17), 1081(a)(2), 1081(b), 1101(b)(2), 1323. If McCarran-Ferguson applies, therefore, ERISA falls within the clause excepting federal laws that "specifically relate" to the business of insurance.[5] *Wayne Chemical, Inc. v. Columbus Agency Service Corp.,*

426 F.Supp. 316, 320 n. 1 (N.D.Ind.1977), *aff'd on other grounds,* 567 F.2d 692 (7th Cir. 1977). *Cf. Wadsworth v. Whaland,* 562 F.2d 70, 77–78 (1st Cir. 1977) (state may not directly regulate employee benefit plan under general insurance law despite McCarran-Ferguson).

We hold that ERISA preempts California's Knox-Keene Act to the extent that Knox-Keene seeks to regulate ERISA-covered employee benefit plans. If California desires to regulate such employee benefit plans as part of its comprehensive health care service legislation, then California must ask Congress to make appropriate changes in ERISA.

The judgment of the district court is affirmed.

procedural posture of the case—motion for preliminary injunction—and the court's conclusion only that "the ultimate success of plaintiffs' preemption claim is questionable at best," *id.* at 926, militate against according the decision great weight.

---

5. *Insurers' Action Council, Inc. v. Heaton,* 423 F.Supp. 921 (D.Minn.1976) is the only case that suggests the opposite conclusion. The *Insurers' Action Council* court denied plaintiff insurance companies' motion for a preliminary injunction against enforcement of the Minnesota Comprehensive Insurance Act of 1976. The