**GENERAL MOTORS CORPORATION, et al., Plaintiffs,**

v.

**CALIFORNIA STATE BOARD OF EQUALIZATION, et al., Defendants.**

**No. CV 83–6801–DWW (KX).**

United States District Court, C.D. California.

Feb. 4, 1985.

See also 600 F.Supp. 76.

---

## AMENDED ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

DAVID W. WILLIAMS, Senior District Judge.

Plaintiffs, General Motors Corporation ("GMC") and the American National Red Cross ("Red Cross"), in their capacities as sponsoring employers and administrators of certain employee disability and health care plans established pursuant to collective bargaining agreements, and current trustees of the Motion Picture Health and Welfare Fund ("MPF"), are suing defendants, The California State Board of Equalization ("Board"), Board members, and certain state officials, for declaratory, injunctive, and remedial relief.

Both GMC and Red Cross entered into excess risk arrangements with the Metropolitan Life Insurance Company ("Metropolitan") providing that they would remain responsible for payments of all benefits from their respective plans below a trigger point. This trigger point was to be established annually based on a projected level of aggregate benefit payments. Local GMC units were to maintain claim records and evaluate and pay claims below the trig-

ger amount for sickness and accident coverage. Metropolitan would perform these functions for other forms of coverage. The funds used to pay the pretrigger claims are drawn from GMC accounts. Similarly, the funds used to pay pretrigger claims for Red Cross are drawn by Metropolitan from a Red Cross account, and Metropolitan is authorized to draw on that account only to satisfy pretrigger claims.

Defendants levied taxes upon Metropolitan on benefits paid out of the GMC Disability Trusts, the GMC Plan, and the Red Cross Plan. As Metropolitan was indemnified by GMC and Red Cross for the tax payments, these costs were passed onto them.

The MPF entered into an excess risk arrangement with the Union Labor Life Insurance Company ("Union Labor") whereby MPF assumed the risk of paying benefits up to a defined trigger point. A year or so later the trustees of the fund resolved to terminate their excess risk policies and become completely self-insured with respect to those components covered by it. MPF now believes defendants will levy a tax on benefits paid out during the year in which the excess risk arrangement was in existence. It too has an existing indemnity agreement, so the MPF assumes it will incur the cost for the tax.

Plaintiffs bring this action because defendants' interpretation of "gross premiums" was upheld by the California Supreme Court in *Metropolitan Life Ins. Co. v. State Board of Equalization*, 32 Cal.3d 649, 186 Cal.Rptr. 578, 652 P.2d 426 (1982). In that action, for the years 1967–1969 Metropolitan was assessed an insurance franchise tax based upon the amount of Metropolitan's gross premiums. The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, was not at issue then, however, because the years involved were prior to ERISA's passage in 1974. Metropolitan has now raised that issue, and it has filed refund claims for the 1975–1982 years alleging that the franchise tax has been preempted by ERISA. These claims were denied, and

Metropolitan has filed suit in San Francisco Superior Court.

The predominant legal issues raised in this action involve this court's jurisdiction, the plaintiffs' standing to sue, the State of California's power to tax in the manner at issue here, and ERISA's possible preemptive effect. The courts have favored a broad interpretation of ERISA's preemption provision. State taxation is not one of the enumerated exceptions to ERISA's preemptive reach. A recent ERISA amendment and relevant legislative history also indicate Congress' intent to preempt any state tax law which relates to employee benefit plans. Defendants' characterization of "gross premiums" in this context runs afoul of ERISA. Therefore, this court must rule that defendants' tax practice as described in this action is preempted by ERISA.

## JURISDICTION AND STANDING

■ Jurisdiction is conferred upon this court through ERISA, 29 U.S.C. § 1132(a)(3) and (4). Plaintiffs are fiduciaries of employee welfare benefit plans. As such, they have a direct and explicit statutory basis for standing. Section 1132(a)(3) provides that a fiduciary may bring a civil action to enjoin any act or practice which violates any provisions of a plan's terms. A participant or beneficiary may bring an action to recover benefits under the terms of his plan in state court, but plan fiduciaries must bring their preemption cases exclusively in federal court. Furthermore, defendants' interpretation of "gross premiums" and their assessment and collection orders based upon such an interpretation are "state action having effect of law." So, they are state laws within the meaning of ERISA's section 1144(c)(1).

■ Defendants contend that any injury suffered by plaintiffs results solely from plaintiffs' agreement with an insurance company to reimburse it for its tax payments. They cite *EMI Ltd. v. Bennett*, 738 F.2d 994 (9th Cir.1984) and *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593 (9th Cir.1983) for the proposition that a third

party who is not being taxed does not have standing to sue the taxing authority because his injury is neither direct, individual, distinct, nor palpable. *See also Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d. 556 (1984). Plaintiffs' jurisdictional and standing foundation, however, arises under ERISA provisions as they bring this action as plan fiduciaries seeking to preempt a practice that relates to their employee benefit plans. ERISA expressly empowers fiduciaries to seek relief in federal court against "any act or practice" which violates ERISA's provisions. 29 U.S.C. § 1132(a)(3) and (f).

Although MPF is also a fiduciary under ERISA, no indication has been given that defendants' actions have had an adverse effect upon its employee benefit plan. Unlike GMC and Red Cross, there is no tax deficiency to speak of which has been asserted against Union Labor, MPF's insurer. MPF can assert ERISA in defense of actions affecting its plan, but it cannot be allowed to do so when the alleged effect is speculative, too remote, or too tenuous.

Therefore, this action is dismissed on the independent grounds of lack of subject matter jurisdiction and lack of standing as to plaintiff MPF, but not as to plaintiffs GMC and Red Cross.

### THE STATES' AUTHORITY TO TAX

■ Defendants contend that the Tax Injunction Act, 28 U.S.C. § 1341, precludes plaintiffs' request for this court to enjoin the assessment and/or collection of a tax. That provision does hold that the district court shall not interfere with the assessment, levy, or collection of any tax under state law where a plain, speedy, and efficient remedy may be had in state court.

The McCarran-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, provides that the regulation and taxation of the business of insurance shall be subject to state law, and any state law effecting this purpose shall not be impaired unless a federal act specifically relates to the business of insurance.

Defendants in this action are plan fiduciaries, and the tax has not been levied di-

rectly upon them. Therefore, a state court remedy may not be available to them; but, ERISA does allow these defendants to bring an action in federal court. ERISA broadly preempts "any and all" state laws which relate to any employee benefit plan. 29 U.S.C. § 1144(a). Furthermore, in *Hewlett-Packard Co. v. Barnes*, 571 F.2d 502, 505 (9th Cir.), *cert. denied*, 439 U.S. 831, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978) the Ninth Circuit determined that where the McCarran-Ferguson Act applies ERISA falls within the clause excepting federal laws that "specifically relate" to the business of insurance. The court recognized the policy of reserving to the states the power to regulate insurance unless an Act such as ERISA specifically relates to it. It then determined that ERISA was such an excepting Act. Therefore, ERISA was removed from the scope of prohibition against construing any federal law so as to impair or invalidate state law regulating insurance.

### ERISA's PREEMPTIVE EFFECT

■ Two cases which discussed the relationship of state tax provisions to ERISA's preemption mandate are not Ninth Circuit cases, but they relate important legislative history relevant to the instant action. *Northwest Airlines, Inc. v. Roemer*, Empl. Benefit Cas. 1307 (BNA) (D.C.Minn.1984) held that ERISA preempts states' authority to levy a state income tax on ERISA-covered pension plans since the statutory language and legislative history indicated a congressional intent to preempt state tax laws as they relate to employee benefit plans. *National Carriers' Conf. Comm v. Heffernan*, 454 F.Supp. 914 (D.C.Conn. 1978) stated that a tax imposed upon an employee welfare benefit plan was void and unenforceable insofar as it applied to such plans covered by ERISA.

The *Northwest Airlines* defendant argued for a narrow construction of section 1144(a) contending that state law "relates to" an employee benefit plan only if it regulates the terms and conditions of the plan. The court noted that such a narrow

reading was rejected by the Supreme Court in *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). There, the Court held that ERISA makes clear that even indirect state action bearing upon private pensions may encroach upon the area of exclusive federal concern. Similarly, in *Shaw v. Delta Airlines*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) the Supreme Court carefully reviewed the legislative history of ERISA and concluded that Congress intended the words "relate to" to be construed in a "broad sense." The *Shaw* Court then held that ERISA preempts any law that has a connection with or reference to an employee benefit plan unless it falls within one of the exceptions—state laws regulating insurance, banking, or securities, or state criminal laws.

In *National Carriers'* the fiduciaries of an employee benefit plan sought injunctive and declaratory relief from the assessment and collection of a Connecticut tax on the plan. The court reasoned that the phrase "any and all" plainly indicated an intention to reach every state statute that fits the description of "relating to" an employee benefit plan. 454 F.Supp. at 915.

As the *Northwest Airlines* court acknowledged, any contention that ERISA preemption should be narrowly construed is undermined by Congress' specific identification of state legislation areas which were to be excepted from ERISA's preemption provision. When ERISA was originally considered, Congress rejected a request by the Secretaries of Labor and Treasury to exempt state taxation from preemption. In 1983, when ERISA's preemption language was amended to exclude Hawaii's experimental health benefit statute from ERISA's preemption provision, Congress specifically endorsed the preemption of state tax laws. That amendment added section 1144(b)(5)(B)(i) which reads in part:

> Nothing in subparagraph (A) shall be construed to exempt from subsection (a) [§ 1144(a) ]—any State tax law relating to employee benefit plans. . . .

In the Conference Report which discussed this particular amendment, it was stated that

> [t]he provision generally exempts the Hawaii Prepaid Health Care Act from preemption by ERISA. Under the provision, however, preemption is continued with respect to . . . any State tax law relating to employee benefit plans . . .

H.R.Rep. No. 97–984, 97th Cong., 2d Sess. 18 (1982), U.S.Code Cong. & Admin. News 1982, pp. 4580, 4603.

In addition, the legislative history of "Tax and ERISA Provisions," as related in 1982 U.S. Code Congressional and Administrative News at pages 4595–96, gives some indication of Congress' intent. It states:

> Also, the provision [the amendment] does not affect the status, under the preemption provisions of ERISA, of any state tax law relating to employee benefit plans.

These excerpts convey the impression that section 1144(b)(5)(B)(i) was directed to all state tax laws and was not just in response to Hawaii's plan.

The gravamen of ERISA's preemption thrust derives from some determination as to how the challenged law relates to the ERISA plan. Defendants characterize the gross premium tax as an assessment against Metropolitan for doing business in California. Yet, in fact, it is the amount which is paid out by the plaintiffs below the trigger point which is being treated as a premium received by Metropolitan and is being taxed. Under ERISA this taxation practice is preempted because it "relates to" or bears some connection or reference to the plans by using the plans' payments as a means for measuring taxable premiums. The defendants are indirectly taxing benefit payments and they are impeding the discretion of plan sponsors to fund their plan guarantees through a combination of general assets and excess risk insurance.

This court recognizes the important state interests which are involved in this action, and balances that consideration in its ruling. The strong congressional intent, how-

ever, to preempt those actions which affect ERISA plans directs this court to find that ERISA prevents the taxation practice which has taken place here.

It is ordered, therefore, that defendants' motion for judgment on the pleadings be denied as to plaintiffs GMC and Red Cross, but granted as to plaintiff MPF because it lacks standing. Plaintiffs' motion for summary judgment is granted. It is further ordered that defendants and their agents, employees, successors, and all persons in concert with them cease and refrain from taxing indirectly the employee benefit plans of plaintiffs GMC and Red Cross based upon defendants' interpretation of "gross premiums," which includes, in the amount subject to tax, benefit payments from employee benefit plans to their participants.

### AMENDED JUDGMENT

On the basis of all the evidence before me, I hereby declare, adjudge, and decree that:

1. Plaintiffs are fiduciaries of employee welfare benefit plans covered by the Employee Retirement Income Security Act of 1974 ("ERISA").

2. Defendants are officials of the State of California responsible in different capacities for imposing a franchise tax on insurance companies doing business in the State.

3. The California Constitution provides for taxation of insurance companies based on the "gross premiums received" by the insurance companies. Cal. Const., Art. XIII, § 28.

4. Defendants include in the "gross-premiums" amount subject to tax benefit payments from employee benefit plans to their participants based on the fiction that these amounts are "received", by insurance companies offering excess-risk insurance contracts to plan sponsors of employee benefit plans.

5. This characterization of benefit payments as "premium" payments was endorsed by the California Supreme Court in *Metropolitan Life Insurance Company v.*

*State Board of Equalization,* 32 Cal.3d, 649, 186 Cal.Rptr. 578, 652 P.2d 426 (1982).

6. ERISA preempts all "State laws," including state tax laws, "insofar as they ... relate to" employee benefit plans. In *Shaw v. Delta Airlines,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), the Supreme Court made clear that the "relate to" language must be construed broadly to preempt all "State laws" that have "some reference to or connection with" employee benefit plans. *Id.,* 103 S.Ct. at 2899–2900.

7. The taxing practice at issue in the *Metropolitan Life* case is a "State law" which "relates to" employee benefit plans because it measures the "gross premiums" subject to tax by reference to employee benefit plan payments to participants and beneficiaries. This reference to plans is preempted by ERISA, since it results in indirectly taxing benefit plans and impeding the discretion of plan sponsors to purchase excess-risk policies.

Accordingly, it is hereby ordered that defendants and their agents, employees, successors, and all persons in concert with them cease and refrain from taxing indirectly the employee benefit plans of plaintiffs General Motors Corporation and the American Red Cross based upon defendants' interpretation of "gross premiums," which includes, in the amount subject to tax, benefit payments from employee benefit plans to their participants.

The court adopts as its findings of fact and conclusions of law the order issued for this action dated February 4, 1985.