THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK v
INSURANCE BUREAU (ON REMAND)

Docket No. 93182. Submitted June 12, 1986, at Lansing. Decided
    October 6, 1986. Leave to appeal applied for.
    The Mutual Life Insurance Company of New York, a foreign
    company doing business in Michigan, brought an action in the
    Ingham Circuit Court against the Insurance Bureau, the De-
    partment of Commerce, and the Commissioner of Insurance,
    seeking a declaration that contributions made by certain of its
    employees and field underwriters who participate in an em-
    ployee benefit plan which provides insurance benefits for death,
    illness, disability and medical expenses should not be included
    as part of gross premiums for purposes of computing the
    Michigan premium tax. The circuit court, James T. Kallman,
    J., held that the contributions by the employees were subject to
    the tax but that the contribution by MONY was not. On an
    appeal by MONY, the Court of Appeals reversed, ruling that the
    employee contributions were not subject to the premium tax.
    121 Mich App 386 (1982). On appeal by the defendants, the
    Supreme Court reversed the Court of Appeals decision, ruling
    that employee contributions toward a participatory employee
    benefit plan provided by an employer-insurer are taxable pre-
    miums within the meaning of the applicable provisions of the
    Insurance Code. The Supreme Court also remanded the case for
    a determination by the Court of Appeals whether the Employ-
    ment Retirement Income Security Act (ERISA) preempts the tax
    imposed by the Insurance Code. 424 Mich 656 (1986).
    The Court of Appeals held:
    The premium tax, imposed by the Insurance Code on foreign
    insurers based on their gross premiums collection, is a condi-
    tion precedent to the privilege of conducting insurance business
    within the state. The premium tax does not conflict with and,
    therefore, is not preempted by ERISA, since the imposition of the

REFERENCES
Am Jur 2d, State and Local Taxation §§ 289 et seq.
Am Jur 2d, New Topic Service, Pension Reform Act § 7.
See the annotations in the Index to Annotations under Employee
    Retirement Income Security Act; Taxes.

tax is in the nature of state regulation of the insurance indus-
try which is expressly allowed by ERISA even where such
regulation affects, as it does in this case, employee benefit
plans.

Affirmed.

TAXATION — INSURANCE COMPANIES — GROSS PREMIUMS — EMPLOYEE
RETIREMENT INCOME SECURITY ACT.

The Employee Retirement Income Security Act does not preempt
the application of the Michigan premium tax on premiums
collected by a foreign insurer from its employees as their
contribution to an employee benefit plan which provides insur-
ance benefits for death, illness, disability and medical benefits
(29 USC 1144[2][A]; MCL 500.441; MSA 24.1441).

*Miller, Canfield, Paddock & Stone* (by *Samuel J. McKim, Carl H. Van Ende,* and *John D. Rayis*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *William A. Chenoweth,* Assistant Attorneys General, for defendant.

ON REMAND

Before: ALLEN, P.J., and CYNAR and MACKENZIE, JJ.

CYNAR, J. The Mutual Life Insurance Company of New York (MONY) appeals as of right from a declaratory judgment entered June 8, 1981.

The facts in this case were set forth in our prior opinion, 121 Mich App 386, 388-390; 328 NW2d 638 (1982), as follows:

> MONY is a mutual life insurance company, incor-
> porated in the State of New York and licensed to
> engage in the insurance business in Michigan. As
> part of its employee fringe benefit package, MONY
> provides its employees and field underwriters with

insurance benefits for death, illness, disability, and medical expenses. The plans constitute "employee welfare benefits plans" under § 3(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC 1001 *et seq.;* and involve contractual relations of such a nature that they meet the definition of insurance contracts. The benefit plans are participatory, with the bulk of the expenses being borne by MONY. The employees' and field underwriters' share of the expenses are established by the fringe benefit plans and are generated by payroll deductions. Any employee or field underwriter may terminate participation in these plans and withdraw his authorization for payroll deductions. The portion of the costs borne by MONY varies from year to year because MONY contributes the difference between the actual annual cost of the benefit plans and the aggregate cost portion borne by its employees and field underwriters. Computation of the cost of the benefit plans is different from the basis on which MONY computes the cost of commercially sold insurance providing similar benefits because there is no allocation for MONY's expenses or profit.

The Commissioner of Insurance (bureau) is charged with determining and collecting the premium tax under §§ 440-445 of the Insurance Code of 1956, MCL 500.440 *et seq.;* MSA 24.1440 *et seq.* The premium tax is a tax imposed on foreign insurers as a condition precedent to the privilege of conducting insurance business with the State of Michigan. The tax is two percent of each insurer's gross premiums. In 1965, the Attorney General opined that employer and employee contributions to the cost of providing group life insurance for employees of insurance companies constituted gross premiums within the meaning of §§ 440 and 441 and was, therefore, taxable. OAG, 1965-1966, No 4431, pp 61, 66-67 (April 19, 1965). On September 10, 1965, a letter was sent to all insurers, informing them of the opinion and its applicability to computation of the 1965 premium tax. On February 6, 1975, the bureau notified MONY that its

records indicated the existence of life, accident, and health plans for the insurer's employees and field underwriters. Mony notified the bureau on February 19, 1975, that neither its portion nor the employees' portion of the benefit plans had been included as gross premiums for the purpose of computing the premium tax. The bureau sent a tax delinquency notice to mony on March 15, 1975.

On April 13, 1976, mony initiated a declaratory judgment action. Mony maintained that the premium tax was inapplicable to portions of the costs of benefit plans borne by either itself or its employees and field underwriters. The bureau contended that both portions of the costs were subject to the premium tax. On February 8, 1980, the trial court issued an opinion, holding that the premium tax was applicable only to the contributions made by mony's employees and field underwriters. Oral arguments were held relative to mony's motion for reconsideration on August 7, 1980. At that time, the bureau conceded that the trial court was correct in determining that mony's contributions to the employee benefit plans were not includable in the computation of gross premiums. On October 14, 1980, the court affirmed its earlier opinion. Oral argument was heard on November 19, 1980, regarding the issue of whether ERISA pre-empted application of the premium tax in the instant case. A third opinion was issued on December 9, 1980; the trial court held that the State of Michigan was not pre-empted by the federal government from regulating insurance fringe benefit policies of employee benefit plans. The court issued a declaratory judgment on June 8, 1981.

We concluded, ALLEN, J., dissenting, that the contributions of mony's employees and field underwriters should not be included in the calculation of mony's gross premiums subject to the premium tax. 121 Mich App 395. The Supreme Court reversed and remanded the case for our consideration of the question as to whether the Employment

Retirement Income Security Act, 29 USC 1001 *et seq.* (ERISA), preempts the tax imposed by the Michigan Insurance Code, MCL 500.440 *et seq.;* MSA 24.1440 *et seq.* 424 Mich 656; 384 NW2d 25 (1986). We find that it does not.

The preemption provision of ERISA, 29 USC 1144(2)(A) [§ 514(a)], provides that all state laws that "relate to" employee benefit plans are superseded. The term "relate to" is to be construed in a "broad sense" and applies to any state law which has a connection with or reference to an employee benefit plan. *Shaw v Delta Air Lines, Inc,* 463 US 85, 96-97; 103 S Ct 2890; 77 L Ed 2d 490 (1983). Even indirect state action bearing upon employee benefit plans may be preempted by the federal provision. *Alessi v Raybestos-Manhattan, Inc,* 451 US 504; 101 S Ct 1895; 68 L Ed 2d 402 (1981); *General Motors Corp v California State Bd of Equalization,* 600 F Supp 76 (CD Cal, 1984).

However, the sweeping language of § 514(a) is modified by a savings clause which reaffirms the authority of the state to regulate insurance. *Wadsworth v Whaland,* 562 F 2d 70 (CA 1, 1977). This savings clause § 514(a)(2)(A), states:

> Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

We find that Michigan's premium tax, imposed by §§ 440 and 441 of the Insurance Code regulates insurance and thus is excepted from the broad preemptive provisions of ERISA.

In determining ERISA's preemptive thrust, we must examine how the challenged law relates to the ERISA plan. *General Motors Corp, supra.* Our Supreme Court has characterized the premium tax as a condition precedent to, and in exchange for,

the privilege of doing business in Michigan. The tax is levied solely and directly on the gross premiums collected from policies written in the State of Michigan. MCL 500.441; MSA 24.1441. This is distinguishable from franchise or excise taxes which either directly or indirectly tax benefits paid by the employee benefit plan. See *General Motors Corp, supra; National Carriers' Conference Comm v Heffernan,* 454 F Supp 914 (D Conn, 1978). These types of taxes may affect the discretion of plan sponsors to use or fund employee benefit plans and thus may actually serve as a means to regulate the plans, contrary to Congress' intent in enacting ERISA. Since the Michigan premium tax is measured strictly by the gross premiums collected by the insurer rather than benefits paid out, no such conflict is posed by the application of the Michigan Insurance Code to the employee benefit plans at issue here.

MONY maintains that § 514(a)(2)(B), the "deemer" clause, requires preemption. However, the deemer clause merely provides that a state may not deem an employee benefit plan to be an insurance company, insurer, or in the business of insurance for the purposes of its insurance laws. *Wadsworth v Whaland supra.* It does not forbid the state from indirectly affecting employee benefit plans by regulating group insurance. *Id.* Sections 440 and 441 of the Insurance Code are not directed at employee benefit plans provided by noninsurer-employers but at insurance companies doing business in Michigan. In our view, the deemer clause is inapplicable.

We conclude that the premium tax imposed by §§ 440 and 441 of the Michigan Insurance Code is not preempted by ERISA. The decision of the circuit court is affirmed.

Affirmed.