UDELL v GEORGIE BOY MANUFACTURING, INC

Docket No. 91957. Submitted June 9, 1987, at Grand Rapids. Decided August 18, 1988. In lieu of granting leave to appeal, the judgment of the Court of Appeals is vacated, and the case is remanded to the Court for reconsideration, 432 Mich 888.

John Udell was injured in an automobile accident and was required to undergo hospitalization and receive medical care and treatment. At the time of the accident, Udell was an employee of Georgie Boy Manufacturing, Inc., and was provided with group insurance benefits under a plan known as the Georgie Boy Manufacturing Trust. The plan provided Udell with hospitalization and medical benefits. Udell was also insured by Transamerica Insurance Company, which provided personal injury protection, pursuant to the provisions of Michigan's no-fault act, as part of its automobile insurance benefits. Udell sought the payment of his incurred expenses from the trust. The trust refused payment under its coordination of benefits provision. Udell then received personal injury protection benefits from Transamerica. Udell and Transamerica then filed a complaint in the Cass Circuit Court against Georgie Boy Manufacturing, Inc., seeking reimbursement to Transamerica for all PIP benefits paid to Udell and a declaration that the benefits under the trust were primary to Udell's PIP benefits pursuant to the no-fault act. The trial court, Michael E. Dodge, J., granted defendant's motion for summary disposition. Plaintiffs appealed.

The Court of Appeals held:

1. The Georgie Boy Manufacturing Trust is not an insurer, regulation of which is within the domain of the Michigan Insurance Code. The state may not apply its no-fault insurance laws to the plan.

2. The Employee Retirement Income Security Act of 1974, 29

REFERENCES

Am Jur 2d, Insurance §§ 55 et seq., 1842 et seq.

Construction and application of pre-emption exemption, under Employee Retirement Income Security Act (29 USCS §§ 1001 et seq.) for state laws regulating insurance, banking, or securities (29 USCS § 1144(b)(2)). 87 ALR Fed 797.

USC 1144(b)(2)(B), specifically states that employee benefit plans shall not be deemed to be engaged in the business of insurance for purposes of any law of any state purporting to regulate insurance companies. In addition, the trust is exempt from compliance with the Insurance Code because it is a "voluntary association of employees" to which the code does not apply.

3. There were no genuine issues as to the nature of the trust and whether there was a stop-loss provision, or whether the trust was completely insured. The stop-loss provision does not alter the nature of the trust. The trial court did not err in granting defendant summary disposition.

Affirmed.

McDonald, J., dissented. He noted that commercially insured Employee Retirement Income Security Act plans are subject to Michigan insurance laws and that MCL 500.3109a applies to conflicting coordinated benefit provisions in health insurance and no-fault plans. He would reverse.

1. Conflict of Laws — Employee Retirement Income Security Act — Employee Benefit Plans.

The federal Employee Retirement Income Security Act of 1974 was intended to supersede all state laws that relate to employee benefit plans; the act contains an insurance savings clause providing that nothing in the act shall be construed to exempt or relieve any person from any law of any state which regulates insurance, banking, or securities (29 USC 1144).

2. Insurance — Employee Retirement Income Security Act — Employee Benefit Plans.

The federal Employee Retirement Income Security Act of 1974 provides that neither an employee benefit plan nor any trust established under such a plan shall be deemed to be an insurance company or other insurer, or to be engaged in the business of insurance, for purposes of any law of any state purporting to regulate insurance companies and insurance contracts (29 USC 1144[b][2][B]).

3. Insurance — Insurance Code — Voluntary Associations of Employees.

The Insurance Code does not apply to voluntary associations of employees which provide death, accident, or sickness benefits to persons employed by the same employer (MCL 500.128[d]; MSA 24.1128[d]).

4. Words and Phrases — Association.

An "association" is a number of persons uniting together for some special purpose, business or for a certain object.

5. TRUSTS — EMPLOYEE BENEFIT PLANS — STOP-LOSS PROVISIONS.

> The nature of a trust established under an employee benefit plan
> is not altered by the fact that the trust contains a stop-loss
> provision.

*Butzbaugh & Ryan* (by *James B. McQuillan*), for plaintiffs.

*Warner, Norcross & Judd* (by *Jeffrey O. Birkhold*), for defendant.

Before: SULLIVAN, P.J., and McDONALD and J. M. GRAVES, JR.,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) and dismissing plaintiffs' complaint with prejudice. We affirm.

This case arises from an injury sustained by plaintiff John Udell in an automobile accident on January 28, 1983. Udell was required to undergo hospitalization and receive medical care and treatment. At the time of the accident, Udell was an employee of defendant and was provided with group insurance benefits under a plan known as the Georgie Boy Manufacturing Trust. This plan provided Udell with hospitalization and medical benefits. Udell was also insured by plaintiff Transamerica Insurance Company, which provided personal injury protection, pursuant to the provisions of Michigan's no-fault act, as part of its automobile insurance benefits.

Udell applied to the Georgie Boy Manufacturing Trust for payment of his incurred expenses. The trust refused payment under its coordination of benefits provision, contending that Transamerica's policy was primary vis-à-vis defendant's plan and,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

thus, Transamerica was responsible for Udell's hospitalization and medical bills. Udell then received personal injury protection (PIP) benefits under his no-fault insurance policy with Transamerica. Udell and Transamerica then filed a complaint against defendant seeking reimbursement to Transamerica for all PIP benefits paid to Udell and a declaration that the benefits under the Georgie Boy Manufacturing Trust were primary to Udell's PIP benefits pursuant to Michigan's no-fault act, MCL 500.3109a; MSA 24.13109(1).

A default judgment was entered against defendant for $15,255.16. Further, an order declared that defendant was primarily liable for Udell's expenses and defendant was ordered to pay all hospital benefits and other benefits payable to Udell under defendant's plan without regard to the existence of Transamerica's PIP policy.

On January 28, 1985, the court set aside its default judgment against defendant. On January 10, 1986, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10). Following a hearing, the court granted defendant's motion holding that (1) the Michigan Insurance Code is preempted by the "deemer" clause of the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC 1001 et seq., (2) the Georgie Boy Manufacturing Trust is not engaged in the insurance business and, therefore, not governed by the provisions of the Michigan Insurance Code, and (3) the trust is a "voluntary association of employees" and, therefore, exempt from the Insurance Code pursuant to MCL 500.128; MSA 24.1128. We find that summary disposition was properly granted.

The Georgie Boy Manufacturing Trust is an employee benefits trust which provides certain medical benefits to employees of Georgie Boy Manufacturing, Inc. The trust is exempt from federal

income tax as a voluntary beneficiary association pursuant to § 501(c)(9) of the Internal Revenue Code of 1954. Each participating employee pays $24 per month for family coverage, while Georgie Boy pays $89 per month for each employee for that coverage.

ERISA is a comprehensive and reticulated scheme regulating employee benefit plans, such as the Georgie Boy Manufacturing Trust. *Alessi v Raybestos-Manhattan, Inc,* 451 US 504, 510; 101 S Ct 1895; 68 L Ed 2d 402 (1981). Congress intended ERISA to supersede all state laws that "relate" to employee benefit plans. See 29 USC 1144(a). However, an insurance savings clause is included in the act and provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 USC 1144 (b)(2)(A).

Plaintiffs argue that the Georgie Boy Manufacturing Trust is an insurer, regulation of which is within the domain of the Michigan Insurance Code, MCL 500.100 *et seq.*; MSA 24.1100 *et seq.* We do not agree. ERISA also includes a so-called "deemer provision" which provides, in part:

> Neither an employee benefit plan . . . , nor any trust established under such a plan, *shall be deemed* to be an insurance company or other insurer . . . or to be engaged in the business of insurance . . . for purposes of any law of any State purporting to regulate insurance companies, insurance contracts . . . . [29 USC 1144(b)(2)(B).]

29 USC 1002 contains the following definitions:

> (1) The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter estab-

lished or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance of otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

\* \* \*

(3) The term "employee benefit plan" or "plan" means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan.

We find that this "deemer provision" bars the state from labeling the Georgie Boy Manufacturing Trust "an insurance company or other insurer . . . engaged in the business of insurance" so as to allow this state to apply its no-fault insurance laws to the plan.

In *Mutual Life Ins Co of New York v Ins Bureau,* 424 Mich 656; 384 NW2d 25 (1986), our Supreme Court held that a foreign insurance company doing business in Michigan was required to pay a two percent premium tax imposed by MCL 500.440(1)(a); MSA 24.1440(1)(a) on employee contributions toward their own participatory benefits plan, even though supplied by the foreign insurance company on a nonprofit, nonactuarial basis. However, the Supreme Court remanded the matter to this Court for consideration of whether ERISA preempts the two percent tax imposed by the Insurance Code. On remand, this Court held that

the premium tax imposed by the Michigan Insurance Code was not preempted by ERISA, rejecting plaintiff's argument that the "deemer" clause of ERISA requires preemption. *Mutual Life Ins Co of New York v Ins Bureau (On Remand),* 155 Mich App 128, 133; 399 NW2d 466 (1986). In doing so this Court explained that

> the deemer clause merely provides that a state may not deem an employee benefit plan to be an insurance company, insurer, or in the business of insurance for the purposes of its insurance laws. *Wadsworth v Whaland* [562 F2d 70 (CA 1, 1977)]. It does not forbid the state from indirectly affecting employee benefit plans by regulating group insurance. *Id.*

The Court went on to state that "[s]ections 440 and 441 of the Insurance Code are not directed at employee benefit plans provided by noninsurer-employers but at insurance companies doing business in Michigan. In our view, the deemer clause is inapplicable." *Id.*

We find this distinction to be without merit. To apply the premium tax we need to declare that the employee benefit plan is insurance. Michigan's premium tax applies to *foreign insurers* committed to do and *doing business* in this state. MCL 500.440; MSA 24.1440. However, the "deemer provision" of ERISA could not be clearer and specifically states that employee benefit plans shall *not* be deemed to be engaged in the business of insurance for purposes of any law of any state purporting to regulate insurance companies. 29 USC 1144(b)(2)(B).

Even if we were to rule that Georgie Boy Manufacturing, Inc., was in the "business of insurance" for purposes of the Michigan Insurance Code, the Georgie Boy Manufacturing Trust is exempt from

compliance with the code because it is a "voluntary association of employees" as defined in MCL 500.128; MSA 24.1128. This section states:

> This code shall not apply to:
>
> *   *   *
>
> (d) Voluntary associations of employees which provide death, accident, or sickness benefits to persons employed by the same employer. [MCL 500.128(d); MSA 24.1128(d).]

The trial court found that the Georgie Boy Manufacturing Trust is a "voluntary association of employees" within the ordinary meaning of the term. We agree.

The words "voluntary association of employees" should be given their customary or ordinary meaning. Even though employees of Georgie Boy Manufacturing, Inc., may have no alternative health insurance plan within the company, they still participate in the trust on a voluntary basis. They are an "association" as defined in *John v John,* 47 Mich App 413, 417; 209 NW2d 536 (1973): a number of persons uniting together for some special purpose, business or for a certain object. The Georgie Boy Manufacturing Trust meets this definition.

Further support for the trial court's ruling that the trust was exempt as a voluntary association is shown by the trust's tax free status under § 501(c)(9) of the Internal Revenue Code, which exempts

> [v]oluntary employees' beneficiary associations providing for the payment of life, sick, accident, or other benefits to the members of such association or their dependents or designated beneficiaries, if no part of the net earnings of such association

inures (other than through such payments) to the benefit of any private shareholder or individual.

Finally, we are not persuaded by plaintiffs that there was a genuine issue as to the nature of the trust and whether there was a stop-loss provision or whether the trust was completely insured. During oral argument, the trial court questioned defendant on this issue. Defendant described the trust as "self insured to a fairly large degree" but that there was a limit for which an outside policy had been purchased as protection. This stop-loss provision does not alter the nature of the trust, thus, the trial court did not err in granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). See *Michigan United Food & Commercial Workers Unions v Baerwaldt,* 767 F2d 308, 312-313 (CA 6, 1985).

We affirm the order of the circuit court granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) and dismissing plaintiffs' complaint with prejudice.

Affirmed.

McDONALD, J. *(dissenting).* I disagree. Defendant conceded at oral argument that its plan has "stop-loss" insurance. We have previously held that commercially insured ERISA plans are subject to Michigan insurance laws and that MCL 500.3109a; MSA 24.13109(1) applies to conflicting coordinated benefit provisions in health insurance and no-fault plans. *State Farm Mutual Automobile Ins Co v C A Muer Corp,* 154 Mich App 330; 397 NW2d 299 (1986). See also *Northern Group Services, Inc v Auto Owners Ins Co,* 833 F2d 85 (CA 6, 1987).

I would reverse and grant summary judgment in favor of plaintiffs under *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986).